Janet HOWARD, Plaintiff,

v.

Carlos GUTIERREZ, Secretary, U.S.
Department of Commerce,[1]
Defendant.

Civil Action No. 04–0756 (PLF).

United States District Court,
District of Columbia.

Sept. 29, 2008.

Janet Howard, Spotsylvania, VA, pro se.

Fred Bert Goldberg, Law Offices of
Fred B. Goldberg, P.C., Bethesda, MD, for
Plaintiff.

Brian P. Hudak, U.S. Attorney's Office
for the District of Columbia, William Mark
Nebeker, U.S. Attorney's Office, Washington, DC, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

Trial in this case is scheduled to begin
on November 20, 2008. For reasons explained below, however, the Court will vacate the April 7, 2008 order granting in
part and denying in part defendant's motion for summary judgment, deny without
prejudice that same motion, order a new
round of summary judgment briefing, cancel the trial date, and recuse itself from
this case.

There is no need to recount fully this
case's complicated procedural history.
The following short summary will suffice.
Plaintiff Janet Howard filed suit against
her employer, the United States Department of Commerce ("DOC"), on May 11,

2004. In her Second Amended Complaint,
filed on July 10, 2006, she alleges that the
DOC violated the Rehabilitation Act, 29
U.S.C. §§ 701 *et seq.*, "by denying her
reasonable accommodation for her disabilities, including depression, high blood pressure, and post-traumatic stress disorder."
Second Amended Complaint ¶ 45
("Compl."). She further alleges that the
DOC violated Title VII of the Civil Rights
Act of 1964, as amended, 42 U.S.C.
§ 2000e–16, by "retaliat[ing] against Plaintiff for engaging in the protected activity
of filing EEO Complaints and opposing
racial discrimination by denying her reasonable accommodations for her disability." Compl. ¶ 50.

The DOC moved for summary judgment
on January 19, 2007, and Ms. Howard
opposed that motion. On April 7, 2008,
the Court issued the following order:

> MINUTE ORDER: Upon careful consideration of the parties' papers and the
> entire record in this case, Defendant's
> Motion for Summary Judgment ... is
> GRANTED in part and DENIED in
> part. The Court will GRANT defendant's motion with respect to plaintiff's
> Rehabilitation Act claims and will enter
> judgment for defendant on these claims.
> The Court will DENY defendant's motion with respect to plaintiff's Title VII
> claims. An Opinion explaining this Order will follow.

*Howard v. Gutierrez*, Civil Action No. 04–
0756, Order (D.D.C. April 7, 2008). At a
status conference on April 14, 2008, the
Court postponed the April 21 trial date
and referred the matter to Magistrate
Judge Alan Kay for settlement discussions.
Settlement discussions were unsuccessful.
Trial was rescheduled for August 22, 2008.
Upon the parties' joint motion, the trial

---

1. The original complaint named Donald Evans, former Secretary of Commerce, as the defendant. The Court has substituted his suc-

cessor, Carlos Gutierrez, pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure.

was again continued, this time until November 20, 2008. In the meantime, due to the press of other business, the Court never issued an Opinion explaining the April 7, 2008 Minute Order.

Two issues have arisen since the Court issued its April 7, 2008 order. First, the United States Court of Appeals for the District of Columbia Circuit issued two opinions that may have a significant impact on the substance of the parties' legal arguments with respect to the Rehabilitation Act claims and, perhaps, on the outcome of this case. *See Adams v. Rice,* 531 F.3d 936 (D.C.Cir.2008); *Desmond v. Mukasey,* 530 F.3d 944 (D.C.Cir.2008).[2] Second, the DOC filed a supplemental witness list, leading the Court to advise counsel that it was inclined to recuse itself for reasons it explained in open court. Counsel for the plaintiff thereafter expressly requested the Court to do so.

In light of these new developments, the Court will take the following actions. First, the Court will vacate its April 7, 2008 order. Second, the Court will deny without prejudice the DOC's motion for summary judgment—that is, the motion for summary judgment that the April 7, 2008 order granted in part and denied in part—and order the parties to submit new briefs addressing Ms. Howard's claims in light of the recent case law cited above. Third, the Court will cancel the upcoming trial date, November 20, 2008, in order to allow adequate time for the parties to submit new briefs. Fourth, the Court will recuse itself from this case. As a result, this case will be returned to the Calendar Committee for random reassignment to another judge. That judge will consider the parties' new summary judgment briefs

and, if necessary, preside over the trial of the case. Accordingly, it is hereby

ORDERED that this Court's April 7, 2008 order granting in part and denying in part the DOC's motion for summary judgment is VACATED; it is

FURTHER ORDERED that the DOC's motion for summary judgment [46] is DENIED without prejudice; it is

FURTHER ORDERED that the trial currently scheduled to begin on November 20, 2008 is CANCELLED; it is

FURTHER ORDERED that, on or before October 14, 2008, the parties shall meet, confer and file a joint report proposing a schedule for submitting new summary judgment briefs; and it is

FURTHER ORDERED that this case be returned to the Calendar Committee for random reassignment to another judge.

SO ORDERED.

---

2. In addition, after briefing on the DOC's dispositive motion was complete but before the Court issued its April 7, 2008 order, the D.C. Circuit issued an opinion clarifying the application of the *McDonnell Douglas* burden-shifting framework at the summary judgment stage. *See Brady v. Office of the Sergeant at Arms,* 520 F.3d 490 (D.C.Cir.2008). That opinion may—indeed, should—significantly affect the *form* of the parties' arguments.