Amy MALDONADO, Appellant

v.

LOGLOGIC, INC., Appellee.

No. 09–7087.

United States Court of Appeals,
District of Columbia Circuit.

July 2, 2010.

Rehearing En Banc Denied Sept. 1, 2010.

Mona Lyons, Law Office of Mona Lyons, Washington, DC, for Appellant.

Tyler Brown, Jackson Lewis LLP, Reston, VA, for Appellee.

Before: GINSBURG, BROWN, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIRCUIT RULE 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed in part and reversed in part.

LogLogic, Inc., a data technology company, terminated Amy Maldonado from her position as a director of sales in November 2005. Maldonado brought suit against LogLogic, alleging it breached her compensation contract and the implied covenant of good faith and fair dealing applicable to the contract under California law. She also lodged a federal sex discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging LogLogic terminated her because she was pregnant. The district court granted summary judgment on all claims in LogLogic's favor, finding no contract breach and determining that Maldonado failed to produce evidence by which a jury could reasonably conclude she was the victim of sex discrimination.

Maldonado now appeals. She argues her compensation contract entitles her to commissions for certain sales made while she was employed and that the covenant of good faith and fair dealing entitles her to commissions for sales completed after her termination and to stock options whose scheduled vesting post-dated her termination. She also contends that she produced evidence sufficient for a jury to find that LogLogic's asserted reason for terminating her was a pretext for sex discrimination.

██ Maldonado succeeds on one aspect of her breach of contract claim. She claims she closed a $10,000 deal with the United States Postal Service within her assigned sales territory in September 2005, and LogLogic does not contest this point. Maldonado's contract grants her a commission for "all sales [she] closes in [her] Sales Territory," and states that "[c]ommissions are earned on the date of the Eligible Sale." That language plainly entitles her to a commission for the September 2005 sale, and we reverse the district court's order with respect to this specific claim.

██ We affirm the district court, however, with respect to the other sales for which Maldonado claims credit. Maldonado did not close the February 2005 and October 2005 deals with JPMorgan Chase within her territory, and to the extent she was involved in either sale, there is no evidence she attempted to negotiate a commission split with the closing sales director as required by her contract. She is therefore not entitled to commissions for these two deals. She is also not entitled to commissions earned by others after her termination or to stock options scheduled to vest after her termination date. Maldonado argues that LogLogic deprived her of this compensation in violation of California's implied covenant of good faith and fair dealing when it terminated her. But that covenant only applies when an employer terminates an employee before conveying a "benefit to which the employee was clearly entitled." *Guz v. Bechtel*

*Nat'l, Inc.,* 24 Cal.4th 317, 353 n. 18, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (Cal.2000). Maldonado was not "clearly entitled" to the compensation at issue. Her contract is clear that commissions are earned on the date of the sale and that the "VESTING OF SHARES ... IS EARNED ONLY BY CONTINUING AS A SERVICE PROVIDER AT THE WILL OF THE COMPANY." Under those terms, Maldonado cannot invoke the protection of the covenant.

■ Maldonado's sex discrimination claim also fails. When a Title VII defendant asserts a legitimate, non-discriminatory reason for a termination, a plaintiff wishing to survive summary judgment must produce evidence upon which a reasonable jury can find the defendant's reason to be a mere pretext for improper discrimination. *See Brady v. Office of the Sergeant at Arms,* 520 F.3d 490, 494 (D.C.Cir.2008). LogLogic identifies lackluster sales and Maldonado's failure to confirm a sales meeting with a client as the legitimate grounds for her firing. None of the evidence produced by Maldonado substantially undermines those grounds. She does not disprove that her sales fell below pre-determined targets or that she failed to confirm the sales meeting, does not demonstrate that LogLogic's motive for firing her was not based on these failings, and does not show that LogLogic treated similarly situated male employees more favorably. Because she does not identify any factual inaccuracy "accompanied by a suspicion of mendacity" in LogLogic's asserted grounds, Maldonado fails to carry her burden. *Aka v. Washington Hosp. Ctr.,* 156 F.3d 1284, 1294 (D.C.Cir.1998).

For the foregoing reasons, we reverse the district court on the breach of contract issue pertaining to the September 2005 sale to the United States Postal Service and affirm in all other respects.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.