KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring:
Although I concur, I write separately because I do not agree with my colleagues’ *761 articulation of the nature of the plaintiffs burden at the summary judgment stage of a Title VII discrimination claim. We all rely on the following language of Brady:
[I]n considering an employer’s motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer’s asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?
Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C.Cir.2008) (citing St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 510, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)) (emphasis added). My colleagues, however, fault the district court for “requiring Colbert to not only proffer evidence that the GPO’s nondiscriminatory reason was pretext, but also additional evidence that discrimination was the actual reason Colbert was not promoted.” Maj. op. at 758-59 (citing Colbert v. Tapella, 677 F.Supp.2d 289, 295 (D.D.C. 2010).* As Brady makes clear, providing a false reason for the employment decision is not conclusive of pretext or of discrimination. In the end, the employee bears the burden of showing not that the employer is dishonest but that it engaged in unlawful discrimination against the employee. See Hicks, 509 U.S. at 511, 113 S.Ct. 2742 (“Court of Appeals’ holding that rejection of the defendant’s proffered reasons compels judgment for the plaintiff disregards the fundamental principle of [Fed.R.Evid.] 301 that a presumption does not shift the burden of proof, and ignores our repeated admonition that the Title VII plaintiff at all times bears the ultimate burden of persuasion.” (quotation omitted)). Thus, “ ‘there will be instances where ... the plaintiff has ... set forth sufficient evidence to reject the defendant’s explanation, [yet] no rational factfinder could conclude that the action was discriminatory.’ ” Desmond v. Mukasey, 530 F.3d 944, 963 (D.C.Cir.2008) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (alterations in Mukasey))). This principle is illustrated by our decision in Hendricks v. Geithner, 568 F.3d 1008, 1013 (D.C.Cir.2009).
In Hendricks, we affirmed the district court’s grant of summary judgment to the defendant because the plaintiff, who had been passed over for promotion, “offered no evidence sufficient for a jury to conclude that [she] was not selected on the basis of her sex.” 156 F.3d at 1291. We observed that “a Title VII discrimination plaintiff cannot prevail by presenting evidence that tends to show the employer’s proffered reason is pretextual but also demonstrates that the real explanation for the employer’s behavior is not discrimination, but some other motivation.” Id. at 1013-14. We concluded that the employ *762 ee’s “attempted rebuttal of the proffered reason” there (that she was more qualified than the employee selected for promotion) “at best” fell in the category of “demonstrating] that the real explanation for the employer’s behavior is not discrimination, but some other motivation.” Her evidence, we explained, “supported] at most favoritism, not sex discrimination,” “suggesting] at worst that [the employer] acted for idiosyncratic reasons, not discriminatory ones.” Id. at 1014. In other words, the reason proffered by the employer may have been false — but the evidence did not demonstrate it shielded a discriminatory motive.
In this case, by contrast, Colbert met her burden under both prongs of the Brady standard. The record, viewed in the light most favorable to Colbert, could support a finding that the both reasons proffered for passing her over — that she “wandered” and that she did not meet the specific requirements for promotion — were indeed pretextual and that her employer in fact unlawfully discriminated against her. See maj. op. at 759-60. Accordingly, I concur.

 Echoing Supreme Court precedent and our own, the district court in fact stated: “[A] plaintiff must show 'both that the reason was false, and that discrimination was the real reason.' ” Colbert, 677 F.Supp.2d at 295 (quoting St. Mary’s Honor Ctr. v. Hicks, 509 U.S. at 515, 113 S.Ct. 2742) (first emphasis added). The difference in language between the majority’s and the district court’s phrasing, however, is insignificant as the usual means to show something for the purpose of summary judgment is to “proffer evidence” of it. See Hendricks v. Geithner, 568 F.3d 1008, 1013 (D.C.Cir.2009) (“To prove her discrimination claim, [the plaintiff] would ... have to offer evidence supporting an inference that, absent discrimination, she would have been picked for the job.”).