Renita S. Walston JACKSON,
Appellant

v.

CCA OF TENNESSEE, INC., Appellee.

No. 09–7143.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 16, 2011.

Lucille Saundra White, Esquire, White Henderson Law Group, LLC, Largo, MD, for Appellant.

Renita S. Walston Jackson, Greenbelt, MD, pro se. Patrick Stewart, Dannie Beale Fogleman, Ford & Harrison LLP, Washington, DC, for Appellee.

BEFORE: GARLAND, BROWN, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, and the motions to appoint counsel and supplement thereto; the motion for leave to file brief and appendix out of time, and the opposition thereto; the motion for deferred appendix, and the opposition thereto; the motion to amend the complaint filing date and the opposition thereto; the motion to dismiss for failure to prosecute; and the motion to suspend briefing schedule; it is

■ **ORDERED** that the motions to appoint counsel be denied. In civil cases, appellants are not entitled to appointment

of counsel when they have not demonstrated sufficient likelihood of success on the merits.  It is

**FURTHER ORDERED** that the motion for leave to file brief and appendix out of time be granted with respect to appellant's brief.  The Clerk is directed to file the brief lodged by appellant on July 11, 2011.  It is

**FURTHER ORDERED** that the motion to dismiss for failure to prosecute be denied.  It is

■ **FURTHER ORDERED AND ADJUDGED** that the district court's judgment entered October 15, 2009, be affirmed.  The district court did not err in determining that removal was proper on the basis of federal claims asserted in appellant's interrogatory responses.  *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").  Upon dismissal of appellant's federal claims, the district court did not abuse its discretion in retaining jurisdiction over appellant's state law discrimination claims under the D.C. Human Rights Act.  *See Shekoyan v. Sibley Int'l,* 409 F.3d 414, 423 (D.C.Cir.2005).  The district court also did not abuse its discretion in awarding fees and expenses to appellee upon granting appellee's motion to compel discovery, and upon finding that appellant was not substantially justified in withholding discovery responses.  *See* Fed.R.Civ.P. 37(a)(5)(A).

In awarding summary judgment to appellee with respect to appellant's claim of wrongful discharge, the district court correctly determined that appellant had not "produced sufficient evidence for a reasonable jury to find that the employer's as-serted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated" against the plaintiff based on disability or retaliation.  *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 494 (D.C.Cir.2008); *see American Univ. v. D.C. Comm'n on Human Rights,* 598 A.2d 416, 422 (D.C.1991).  With respect to appellant's hostile work environment claim, the district court properly determined that this claim was time barred because appellant did not file her complaint within one year of "any act that is part of the hostile work environment."  *Nat'l Railroad Pass. Corp. v. Morgan,* 536 U.S. 101, 118, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *see Lively v. Flexible Packaging Ass'n,* 830 A.2d 874, 891 (D.C.2003).  Under this analysis, appellant's hostile work environment claim is time barred, regardless whether her complaint was filed September 15, 2005 or September 12, 2005, as appellant now claims.  It is

**FURTHER ORDERED** that the motion for leave to file brief and appendix out of time be dismissed as moot with respect to the appendix.  It is

**FURTHER ORDERED** that the motion for deferred appendix, the motion to suspend briefing, and the motion to amend the complaint filing date be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  *See* Fed. R App. P 41(b); D.C.Cir. Rule 41.