**Donald S. JOHNSON, Appellant**

v.

**Charles F. BOLDEN, Administrator, National Aeronautics and Space Administration, Appellee.**

**No. 10–5134.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 9, 2012.

John Wesley Davis, Esquire, Law Office of John W. Davis, Washington, DC, for Appellant.

Michelle Lo, Assistant U.S., R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, HENDERSON and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the district court's order filed March 31, 2010, be affirmed.

The district court granted summary judgment for the defendant, the National Aeronautics and Space Administration (NASA), on plaintiff Donald Johnson's gender discrimination, retaliation, and hostile work environment claims. Johnson appeals the dismissal of his discrimination and retaliation claims arising from certain negative comments he received in his 2004 and 2005 performance appraisals, the amount of his 2004 and 2005 bonuses, and the fact that NASA did not promote him to the GS–14 pay scale level.

NASA has proffered a legitimate, non-discriminatory explanation for the comments in Johnson's performance appraisals and the bonus decisions: Johnson's supervisors believed his performance was deficient in several significant respects, affecting the work of his section. The question at summary judgment, therefore, was whether Johnson "produced sufficient evidence for a reasonable jury to find that

[NASA's] asserted non-discriminatory reason was not the actual reason and that [NASA] intentionally discriminated against [Johnson] on the basis of" sex. *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C.Cir.2008). As the district court held, Johnson produced no evidence from which a reasonable jury could conclude that his performance deficiencies were not the actual reason for the comments in the performance appraisals and the bonus decisions. Summary judgment was properly granted on these claims.

Johnson's failure to offer any evidence to undermine NASA's explanation for the appraisals and bonuses means the district court also correctly granted summary judgment on his retaliation claim. Johnson's only evidence of retaliation is the approximately two months that passed between his complaint to a NASA associate administrator that he was being "singled out" by his third-level supervisor and the 2004 appraisal and bonus denial. Without more, this is insufficient to raise a factual dispute over the veracity of NASA's explanation. *See Talavera v. Shah*, 638 F.3d 303, 313 (D.C.Cir.2011) ("[P]ositive evidence beyond mere proximity is required to defeat the presumption that the proffered explanations are genuine." (citation omitted)).

Finally, the district court properly granted summary judgment for NASA on Johnson's failure to promote claim. At summary judgment, Johnson did not contest NASA's defense that he had failed to administratively exhaust this claim. Johnson now raises several new arguments that the claim was properly exhausted. By failing to raise these arguments before the district court, he forfeited them. *See Potter v. District of Columbia*, 558 F.3d 542, 550 (D.C.Cir.2009).

While Johnson's brief mentions his hostile work environment claim in its statement of issues presented, it includes no further argument or discussion directed at that claim's dismissal. Johnson's hostile work environment claim is not preserved for our review, as it fails to satisfy "our requirement that parties' arguments be sufficiently developed lest waived." *La-Shawn A. by Moore v. Barry*, 144 F.3d 847, 852 n. 6 (D.C.Cir.1998). At any rate, even if the claim were properly preserved we would affirm its dismissal for the reasons stated in the district court's opinion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.