KAVANAUGH, Circuit Judge,
dissenting:
Article I’s Speech or Debate Clause provides that “for any Speech or Debate in either House,” Senators and Representatives “shall not be questioned in any other Place.” U.S. Const, art. I, § 6, cl. 1. The Clause is an important element of the Constitution’s separation of powers, protecting the independence of the Article I Legislature from encroachment by the Article II Executive or the Article III Judiciary. The Clause’s text, history, and precedent can create significant obstacles when a criminal or civil case is brought in an Article III federal court against a Member of Congress or congressional office.
This case involves a suit under the Congressional Accountability Act of 1995. That Act created a cause of action for congressional employees who claim unlawful discrimination by congressional employing offices. 2 U.S.C. § 1408. An “employing office” includes, among other congressional offices, (i) the personal office of a Member of the House of Representatives or of a Senator, (ii) a House or Senate committee, and (iii) any other office with the authority to make personnel decisions about congressional employees. Id. § 1301(9).
Under the Act, employees may file complaints with Congress’s Office of Compliance and, if successful, may obtain all the remedies they could obtain in a federal court discrimination suit. Id. §§ 1311(b), 1404(1), 1405(a). Importantly, because the Office of Compliance process occurs within the Legislative Branch, not in an “other *954 Place,” the Speech or Debate Clause does not pose an issue in those cases.
The Act alternatively permits an employee to bring a discrimination suit in federal district court. Id. §§ 1404(2), 1408(a). But in those federal court suits, the Speech or Debate Clause applies. Id. § 1413.[1]
Howard brought her discrimination suit in federal court against the congressional Office of the Chief Administrative Officer. The question here is how the Speech or Debate Clause operates in employment discrimination cases brought in federal court against congressional offices. In discrimination cases generally, the plaintiff employee alleges that a certain employment action occurred because of his or her race or sex, for example. The employer responds by stating a neutral reason for the employment action. Then, the employee tries to prove that the employer’s stated reason was either not factually true or not the actual basis for the decision, and that the decision was based on race or sex. The employer meanwhile tries to prove that the stated reason was factually true and was the actual basis for the decision, and thus that the decision was not based on race or sex. See generally Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Brady v. Office of the Sergeant at Arms, 520 F.3d 490, 493-95 (D.C.Cir.2008).
When employee plaintiffs sue congressional offices in federal court, difficulty arises if the employer’s stated reason for the employment action in question — for the firing, demotion, or the like — is the plaintiffs performance of legislative activity. Difficulty arises in those circumstances because the Speech or Debate Clause, as construed by the Supreme Court, establishes a privilege that as relevant here (i) prevents use of evidence of legislative activities against Members and (ii) protects Members from being forced to disclose information about legislative activities. See United States v. Helstoski, 442 U.S. 477, 489-90, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979); Gravel v. United States, 408 U.S. 606, 616, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972).
In Fields v. Office of Eddie Bernice Johnson, 459 F.3d 1 (D.C.Cir.2006), the en banc Court of eight judges considered the application of the Speech or Debate Clause to discrimination suits brought under the Congressional Accountability Act. For four judges, Judge Randolph’s opinion concluded that, when the defendant employer states that the challenged employment action was based on legislative activity protected by the Speech or Debate Clause, the case “most likely must be dismissed.” Id. at 16 (plurality opinion of Randolph, J.). For three other judges, Judge Brown’s opinion likewise stated that, assuming congressional offices could assert the protections of the Speech or Debate Clause as a majority of the en banc Court had separately held, then lawsuits “that will inevitably necessitate an inquiry into” protected legislative activity would be barred. Id. at 30 n. 3 (Brown, J., concurring in the judgment). So seven of the eight judges in Fields indicated support for a rule that would usually require dismissal in employment discrimination cases when the employer’s stated reason for the action involves the plaintiffs performance of legislative activity.
Here, as the parties and the majority opinion accept, we should follow Judge Randolph’s Fields opinion. Under that opinion, when the employer’s stated reason *955 involves the plaintiffs performance of legislative activity, the plaintiff may not dispute the factual accuracy of the employer’s stated reason. See id. at 16-17 (plurality opinion of Randolph, J.). A question left open in Fields was whether the plaintiff could nonetheless dispute whether the defendant’s stated reason was the actual basis for the defendant’s decision or was just a pretext for discrimination. See id. This case requires us to resolve that open question.
Under Fields, all agree that the initial task in a case where an employing office has submitted an affidavit invoking the Speech or Debate Clause is to determine whether the reason asserted by the employer for the employment action encompasses legislative activity protected by the Speech or Debate Clause. In this case, that inquiry is straightforward. The reasons asserted by the defendant Chief Administrative Officer for the adverse employment actions included Howard’s inadequate performance of legislative activity. On the demotion claim, the Chief Administrative Officer stated that he transferred Howard in part because Howard had communicated her personal preferences regarding the Legislative Branch’s budget to congressional committees, rather than communicating the preferences of the Office of the Chief Administrative Officer. J.A. 97-98. On the termination claim, the Chief Administrative Officer stated that he ultimately terminated Howard’s employment because Howard had refused to perform budget analysis for use by those congressional committees. J.A. 98. As this Court has previously recognized, a staff member’s activities of this sort are legislative activities that fall squarely within the ambit of the Speech or Debate Clause. See McSurely v. McClellan, 558 F.2d 1277, 1284-87 (D.C.Cir.1976); see also Gravel, 408 U.S. at 628-29, 92 S.Ct. 2614 (Speech or Debate Clause protects preparations for committee hearings and internal communications related to legislative activity).
Once we conclude (as we must here) that the employer’s asserted reason for the decision involves legislative activity protected by the Speech or Debate Clause, I believe (unlike the majority opinion) that the case must come to an end. I do not see how a plaintiff employee such as Howard can attempt to prove either that she in fact adequately performed her legislative activities or that her performance of legislative activities was not the actual reason for the employment action without forcing the employer to produce evidence that she did not adequately perform her legislative activities and that her poor performance of legislative activities was the actual reason for the employment action. But the Speech or Debate Clause protects the defendant from being forced to produce such evidence of legislative activities. See United States v. Rostenkowski, 59 F.3d 1291, 1303 (D.C.Cir.1995) (distinguishing voluntary production of protected evidence from production that “is necessary”); see also United States v. Swindall, 971 F.2d 1531, 1546 (11th Cir.1992) (permissive inference violated Speech or Debate Clause where it “virtually compelled] Swindall to justify his legislative actions”).
Trying to thread the needle and avoid dismissal of Howard’s claims, the majority opinion says that, although a plaintiff per Fields may not challenge the factual accuracy of the employer’s stated reason for the decision, a plaintiff may still try to show that the employer’s stated reason— namely, the employee’s poor performance of legislative activities — was a pretext for discrimination and not the actual reason for the employment decision. But that thread-the-needle approach simply won’t work to avoid the Speech or Debate Clause problem. In response to such evidence and arguments from the plaintiff, the de *956 fendant necessarily will have to prove at trial that the plaintiffs unsatisfactory performance of legislative activities was the actual reason for the decision — that is, was not a pretext. In the real world of trial litigation, that in turn will obviously require the defendant to produce evidence about the plaintiffs allegedly shoddy performance of those legislative activities. See Burdine, 450 U.S. at 258, 101 S.Ct. 1089 (“[T]he defendant ... retains an incentive to persuade the trier of fact that the employment decision was lawful. Thus,.the defendant normally will attempt to prove the factual basis for its explanation.”). But that is precisely what the Speech or Debate Clause protects congressional defendants from being forced to do — namely, from being forced to produce evidence of legislative activities in federal court.
Put simply, the majority opinion’s test is inconsistent with Speech or Debate Clause principles because it necessarily will require congressional employers to either produce evidence of legislative activities or risk liability. Under the Constitution’s Speech or Debate Clause, Article I congressional employers cannot be put to this kind of choice by an Article III federal court.
Notably, as we explained in Fields, employees in congressional offices who suffer discrimination are not without a remedy. Rather, “a plaintiff whose suit cannot proceed in federal court by operation of the Speech or Debate Clause still may avail himself of the Accountability Act’s administrative complaint procedure” through Congress’s Office of Compliance. Fields, 459 F.3d at 17. The Speech or Debate Clause does not apply there because that process takes place within Congress, not in an “other Place.” U.S. Const, art. I, § 6, cl. 1. We are informed that numerous congressional employees have availed themselves of that Office of Compliance process and have obtained remedies.
One final note: The majority opinion’s approach in this case not only is inconsistent with the Speech or Debate Clause, but also creates a major real-world problem. Under the majority opinion’s approach, plaintiffs may be encouraged to forgo.the Office of Compliance process in Congress and may be seduced instead into federal court. Once in federal court, however, a plaintiff will find that the suit is seriously hampered because, as Fields concluded and the majority opinion here acknowledges, the plaintiff cannot take issue with the employer’s factual assertions about the plaintiffs poor performance of legislative activities. A plaintiff saddled with a stipulation that she was really lousy at performing her legislative duties is not a plaintiff who is likely to even get to trial, much less to win, in a discrimination case. So the majority opinion’s promise of a federal court forum in these circumstances is a fairly empty promise. And the false hope offered by the majority opinion will undoubtedly deprive discrimination victims who file in federal court of remedies that they may well have obtained through the Office of Compliance process in Congress — where, for example, employees could dispute the alleged factual basis for the employer’s decision and thereby give themselves a real shot at prevailing on their discrimination claims. I would encourage counsel for would-be plaintiffs in these kinds of cases to carefully consider the difficulty of a federal court suit — even under the majority opinion’s approach' — ■ before they advise clients to irrevocably bypass the Office of Compliance option, where they would not face such extraordinary hurdles to prevailing.
Based on the Speech or Debate Clause, I would hold that a district court must *957 dismiss a discrimination suit against a congressional employing office if the employer’s stated reason for the employment decision is the plaintiffs performance of legislative activities. Therefore, I would dismiss Howard’s demotion and termination claims. I respectfully dissent.

. The employee’s choice to proceed through Congress's Office of Compliance or in federal court is irrevocable, meaning the plaintiff cannot go back if unhappy with the initially chosen forum. See 2 U.S.C. § 1404.