JAMES L. DENNIS, Circuit Judge,
concurring in part and dissenting in part:
Although I concur in parts I, II, III-A and III-B of the majority opinion, I respectfully dissent from part III-C and the resolution of Hague’s retaliation claim. I agree with the majority’s holding that the evidence presented to the district court raises a substantial conflict regarding whether Hague’s employer decided not to renew her contract in retaliation for her participation in protected activity, and thus the summary judgment order must be vacated in part. However, I dissent from the majority’s conclusion that on remand, the district court must now reassess whether Hague has established a prima facie case before she may proceed to trial on her retaliation claim. I would instead conclude that under U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), once a defendant-employer produces legitimate, non-retaliatory justifications for its actions, the plaintiffs prima facie case is rendered immaterial, and a court’s inquiry should focus on the plaintiffs ultimate burden of proving that the employer’s purportedly legitimate justifications for its employment actions were a pretext for retaliation. Here, because all panel members agree that Hague demonstrated genuine issues of material fact from which a reasonable fact-finder could conclude that UTHSC’s proffered justifications for its employment decision were mere pretext and that UTHSC would have renewed Hague’s contract but for her complaints, I would vacate the summary judgment order with regard to Hague’s retaliation claim and remand the case for trial.
Requiring that a plaintiff-appellant articulate a prima facie case of retaliation, even *339 after a defendant-employer has produced what it contends are legitimate, non-retaliatory justifications for its actions, results in an unnecessarily hyper-technical reading of the McDonnell Douglas burden-shifting framework.[1] The Supreme Court has explained that, “[t]he prima facie case method established in McDonnell Douglas was ‘never intended to be rigid, mechanized, or ritualistic.’ ” Aikens, 460 U.S. at 715,10B S.Ct. 1478. Rather, it functions in practice as a “means of arranging the presentation of evidence.” St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 510 n. 3, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (internal quotation marks omitted). In Ai-kens the Court explained:
[W]hen the defendant fails to persuade the district court to dismiss the action for lack of a prima facie case, and responds to the plaintiff’s proof by offering evidence of the reason for the plaintiffs rejection, the fact finder must then decide whether the rejection was discriminatory within the meaning of Title VII.... Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant. The district court has before it all the evidence it needs to decide whether “the defendant intentionally discriminated against the plaintiff.”
460 U.S. at 714-15, 103 S.Ct. 1478. This court, along with a majority of our sister circuits, have followed Aikens and found that the plaintiffs prima facie case becomes irrelevant once the defendant meets his burden of production. Walther v. Lone Star Gas Co. 952 F.2d 119, 122 (5th Cir.1992) (quoting Aikens and reasoning that because “the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case ... a reviewing appellate court need not address the sufficiency of plaintiffs prima facie case, and may instead proceed directly to the ultimate question”); see also Noble v. Brinker Int’l, Inc., 391 F.3d 715, 720-21 (6th Cir.2004) (finding that once the defendant produced purportedly non-discriminatory justifications for its actions, “our duty, given Aikens, is simply to determine whether [the plaintiff] produced sufficient evidence to support the jury’s finding of intentional discrimination”); Nellis v. Brown Cnty., 722 F.2d 853, 857 (7th Cir.1983) (concluding that when the defendant “attempted to rebut a prima facie case ... according to Aikens, the issue of a prima facie case is no longer relevant”); Holmes v. Bevilacqua, 794 F.2d 142, 148 (4th Cir.1986) (“when the judge acted upon the Rule 41(b) motion, the issue was no longer one of a prima facie case, and the question was whether the defendant had intentionally discriminated against the plaintiff’); Thompson v. Union Carbide Corp. 815 F.2d 706, 1987 WL 36807, *4 (6th Cir.1987) (unpublished) (“[0]nce the defendant responds with proof of nondiscriminatory reasons for its actions, whether the plaintiff made out a prima facie case is no longer relevant” (citing Fields v. Bolger, 723 F.2d 1216, 1219 (6th Cir.1984))); Thompson v. Rockwell Int’l Corp., 811 F.2d 1345, 1349 n. 3 *340 (10th Cir.1987). Accordingly, in this case, when UTHSC has done everything that would be required of it had Hague properly made out a prima facie case, whether she really did so is no longer relevant. The district court had before it all the evidence it needed to decide whether Hague had sufficiently demonstrated a genuine issue of material fact regarding whether the defendant intentionally retaliated against her.
Although the instant case involves a summary-judgment order, and Aikens was decided on appeal from a jury verdict, that difference in procedural posture is immaterial. I am unpersuaded by the majority’s insistence that because we have applied Aikens to appeals from judgments following a full trial, we are consequently precluded from applying the Aikens rule to an appeal from summary judgment, when the defendant-employer has done everything that would be required of him had the plaintiff established a prima facie case. As Judge Hartz in the Tenth Circuit has explained:
There is no reason to limit Aikens to review of judgments after trial.... After all, the test for summary judgment is whether the evidence would support a verdict at trial.... If it is inappropriate to concern ourselves with whether the plaintiff has proved a prima facie case when we review a judgment after a trial in which the employer introduced evidence of its reasons for adverse actions against the plaintiff, it should also be inappropriate to worry about the prima facie case when we review a summary-judgment proceeding in which the employer proffered such evidence.
Wells v. Colo. Dep’t of Transp., 325 F.3d 1205, 1227-28 (10th Cir.2003) (Hartz, J., writing separately). Not one case cited by the majority dictates the conclusion that our precedent limits the Aikens rule to appeals following trial. Rather, the precedent the majority relies upon simply applies Aikens to appeals following a full trial on the merits, without commenting on whether Aikens should be equally applied to appeals following summary judgment. See, e.g., Arismendez v. Nightingale Home Health Care, Inc., 493 F.3d 602, 607 (5th Cir.2007). Moreover, we have repeatedly applied the Aikens holding to the summary-judgment context. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 407 (5th Cir.1999) (explaining that once a “case reache[s] the pretext stage, the only question on summary judgment is whether the evidence of retaliation, in its totality, supports an inference of retaliation”) (emphasis added); Walton v. Bisco Indus., Inc., 119 F.3d 368, 371 (5th Cir.1997) (“Once the defendant has presented evidence that, ‘if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action,’ the shifted burden of production becomes ‘irrelevant.’ ”); Messer v. Meno, 130 F.3d 130, 137 (5th Cir.1997) (reversing summary judgment in part and explaining that “[i]f the employer meets this burden, the scheme of shifting burdens and presumptions ‘simply drops out of the picture’ ”). Many of our sister circuits have likewise found that Aikens applies on appeal from summary judgment. See, e.g., George v. Leavitt, 407 F.3d 405, 411 (D.C.Cir.2005) (“[A]s part of the parties’ cross-motions for summary judgment, the Government articulated legitimate reasons for George’s discharge.... Accordingly, heeding Aikens’ instruction, we need not address the Government’s contentions that George failed to make out a prima facie case.”); Riser v. Target Corp., 458 F.3d 817, 820-21 (8th Cir.2006) (reasoning that, in a Title VII case, on review of a district court’s grant of summary judgment, an appellate court should focus on the ultimate question of retaliation or em *341 ployment discrimination rather than on the prima facie burden so that the court may “see the forest through the trees”); Brady v. Office of Sergeant at Arms, 520 F.3d 490, 493-94 (D.C.Cir.2008) (“[B]y the time the district court considers an employer’s motion for summary judgment ... the employer ordinarily will have asserted a legitimate, nondiscriminatory reason for the challenged decision.... [Therefore,] the question whether the employee actually made out a prima facie case is no longer relevant and thus disappear^] and drops out of the picture”) (internal quotation marks omitted); Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 662-63 (6th Cir.2000) (reversing summary judgment without consideration of the prima facie case because “by producing evidence of its nondiscriminatory reason, a defendant has moved the inquiry to the ultimate factual question,” and thus to inquire into the prima facie case “would mistakenly apply[] legal rules which were devised to govern the basic allocation of burdens and order of presentation of proof in deciding this ultimate question”); Dunaway v. Int’l Bhd. of Teamsters, 310 F.3d 758, 762-63 (D.C.Cir.2002) (explaining that because the defendant “presented its full defense to [Plaintiffs] claims when it moved for summary judgment ... [a]s in Aikens, the proper question now is whether the employer unlawfully discriminated against the plaintiff’); Wixson v. Dowagiac Nursing Home, 87 F.3d 164, 170 (6th Cir.1996); Lindemann v. Mobil Oil Corp., 141 F.3d 290, 296 (7th Cir.1998); Morrison v. City of Bainbridge, 432 Fed.Appx. 877, 881 n. 2 (11th Cir.2011) (unpublished).
The majority ignores binding precedent when it acknowledges that UTHSC met its burden of production and that Hague in response raised disputed issues of fact from which a reasonable jury could find that UTHSC intentionally retaliated against her yet nonetheless requires the district court to reconsider the sufficiency of Hague’s prima facie case. As I read Aikens and our circuit’s precedent applying Aikens to the summary-judgment context, I am compelled to conclude that once a defendant-employer has produced evidence of nondiscriminatory justifications for its employment decision, our inquiry must be focused upon the plaintiffs ultimate burden — to prove that the proffered justifications were mere pretext for the employer’s retaliation. Because UTHSC has met its burden of producing non-retaliatory reasons for its action, Hague’s pri-ma facie case is now irrelevant to the resolution of her claim. I therefore dissent from the holding that on remand, the district court must reconsider Hague’s pri-ma facie case of retaliation before proceeding to trial. Accordingly, I would vacate summary judgment on the retaliation claim and remand for trial.

. In McDonnell Douglas, the Court explained that:
The complainant in a Title VII trial must carry the initial burden ... of establishing a prima facie case of racial discrimination. ... The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee’s rejection.... [B]ut the inquiry must not end here ... [The plaintiff must] be afforded a fair opportunity to show that [the defendant's] stated reason for [plaintiff's] rejection was in fact pretext.
McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805-807, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).