# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued November 19, 2007       Decided March 28, 2008

No. 06-5362

STANDLEY BRADY,
APPELLANT

v.

OFFICE OF THE SERGEANT AT ARMS, UNITED STATES HOUSE
OF REPRESENTATIVES,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 02cv00802)

---

*Lenore C. Garon* argued the cause for appellant. With her on the briefs were *Joseph D. Gebhardt* and *Charles W. Day, Jr.*

*Victoria L. Botvin*, Attorney, Office of House Employment Counsel, argued the cause for appellee. With her on the brief was *Gloria J. Lett*, Attorney, Office of House Employment Counsel.

Before: GINSBURG and KAVANAUGH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Seeking to punish and deter sexual harassment, the U.S. House Office of the Sergeant at Arms demoted Brady, a supervisor within the office, because it concluded that Brady grabbed his crotch in front of three employees. Brady sued under federal anti-discrimination laws, contending that he was demoted because of his race. The District Court granted summary judgment to the Sergeant at Arms on the ground that Brady had not made out a prima facie case of racial discrimination. In the alternative, the District Court ruled that Brady failed to present evidence sufficient for a reasonable jury to find that the Sergeant at Arms' stated reason for demoting Brady was not the actual reason and that the Sergeant at Arms intentionally discriminated against Brady on account of his race. We affirm based on that alternative ground. In doing so, we emphasize that the question whether the plaintiff in a disparate-treatment discrimination suit actually made out a prima facie case is almost always irrelevant when the district court considers an employer's motion for summary judgment or judgment as a matter of law. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 514-15 (1993); *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714-16 (1983).

I

Brady worked as an assistant shift supervisor in House Garages & Parking Security, an entity within the Office of the Sergeant at Arms of the U.S. House of Representatives. In early 2001, two employees – one man and one woman – accused Brady of improper behavior in the workplace. They alleged that Brady grabbed his crotch in front of the two of them and another female employee. After learning of the

incident, House Sergeant at Arms Wilson Livingood asked two supervisors to investigate. In the ensuing internal investigation, the two accusers claimed that Brady grabbed his crotch while discussing his need to use the restroom. The other employee who was present initially refused to discuss the incident, saying she did not want to be involved. After being required to give a statement, she said that Brady did not "present any offensive actions towards [her]." Joint Appendix ("J.A.") 214. She explained that Brady had acted "in a very joking manner," but she did not deny that Brady had grabbed his crotch in the way described by the other two employees. *Id.*

The two investigating supervisors found that the crotch-grabbing incident had likely occurred and that Brady violated the office's sexual harassment policy. One supervisor recommended demoting Brady. The other recommended firing him. Sergeant at Arms Livingood then determined that Brady "might have done it jokingly, but . . . even in a joking manner, it offended two of his employees." Livingood Deposition Transcript (Nov. 10, 2005), J.A. 92. Particularly because Brady was a supervisor, Livingood concluded that "some action needed to be taken." *Id.* Livingood demoted Brady but did not fire him.

Brady asked Livingood to reconsider his decision. Livingood agreed to do so and hired a Washington, D.C., law firm to investigate. The law firm reviewed documents produced during the original investigation and interviewed 13 current and former employees. The firm concluded that it was "likely that an incident occurred that was most accurately described" by Brady's two initial accusers. Relman Report (June 28, 2001), J.A. 199. After receiving the law firm's report, Livingood affirmed Brady's demotion.

Brady sued, alleging racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, a law that applies to offices in the Legislative Branch as a result of the Congressional Accountability Act, 2 U.S.C. §§ 1302(a), 1311(a).  The District Court granted summary judgment to the Office of the Sergeant at Arms, finding that Brady failed to make out a prima facie case of racial discrimination because he could not show that a similarly situated employee outside his racial group was treated differently.  *Brady v. Livingood*, 456 F. Supp. 2d 1, 7-8 (D.D.C. 2006).  In the alternative, the District Court stated that "even if plaintiff were able to establish a prima facie case of discrimination, defendant's Motion for Summary Judgment would still be granted because defendant's personnel actions were in fact undertaken for legitimate, non-discriminatory reasons."  *Id.* at 9 n.9.

Brady appeals; our review of the summary judgment is de novo.

II

Title VII of the Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  This statutory text establishes two elements for an employment discrimination case: (i) the plaintiff suffered an adverse employment action (ii) because of the employee's race, color, religion, sex, or national origin.

The District Court concluded that Brady had not made out a "prima facie case" under *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792 (1973).[1]   The court's focus on the prima facie case was not atypical:  When resolving an employer's motion for summary judgment or judgment as a matter of law in employment discrimination cases, district courts often wrestle with the question whether the employee made out a prima facie case.

But judicial inquiry into the prima facie case is usually misplaced.   In the years since *McDonnell Douglas*, the

---

[1] In a refusal-to-hire or refusal-to-promote discrimination case, the *McDonnell Douglas* prima facie factors are that: (i) the employee "belongs to a racial minority" or other protected class; (ii) the employee "applied and was qualified for a job for which the employer was seeking applicants"; (iii) despite the employee's qualifications, the employee "was rejected"; and (iv) after the rejection, "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  In firing, demotion, or other adverse-action cases, the factors sometimes have been articulated as: (i) the employee belongs to a protected class; (ii) the employee was still qualified for the position; (iii) despite still being qualified, the employee was fired, demoted, or otherwise adversely acted upon; and (iv) if the employee was removed, either someone else filled the position or the employer sought other applicants. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).  Some of our decisions have allowed or required plaintiffs to present other evidence to satisfy the test and occasionally phrased the test more generally to require evidence that "the unfavorable action gives rise to an inference of discrimination." *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999); *see also Czekalski v. Peters*, 475 F.3d 360, 364 (D.C. Cir. 2007); *George v. Leavitt*, 407 F.3d 405, 412 (D.C. Cir. 2005). Disagreement and uncertainty over the content, meaning, and purpose of the *McDonnell Douglas* prima facie factors have led to a plethora of problems; as we underscore today, however, the factors are usually irrelevant.

Supreme Court's decisions have clarified that the question whether the employee made out a prima facie case is almost always irrelevant. At the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). And by the time the district court considers an employer's motion for summary judgment or judgment as a matter of law, the employer ordinarily will have asserted a legitimate, non-discriminatory reason for the challenged decision – for example, through a declaration, deposition, or other testimony from the employer's decisionmaker. That's important because once the employer asserts a legitimate, non-discriminatory reason, the question whether the employee actually made out a prima facie case is "no longer relevant" and thus "disappear[s]" and "drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510, 511 (1993); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). As the Supreme Court explained a generation ago in *Aikens*: "Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant. The district court has before it all the evidence it needs to decide whether the defendant intentionally discriminated against the plaintiff." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983) (internal quotation marks omitted). The *Aikens* principle applies, moreover, to summary judgment as well as trial proceedings. *See Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 762 (D.C. Cir. 2002); *Wells v. Colorado Dep't of Transp.*, 325 F.3d 1205, 1227-28 (10th Cir. 2003) (Hartz, J., concurring); *see also Vickers v. Powell*, 493 F.3d 186, 195 (D.C. Cir. 2007); *Holcomb v. Powell*, 433 F.3d 889, 896-97 (D.C. Cir. 2006); *George v. Leavitt*, 407 F.3d 405, 411-12 (D.C. Cir. 2005); *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998) (en banc).

Much ink has been spilled regarding the proper contours of the prima-facie-case aspect of *McDonnell Douglas*. But as we read the Supreme Court precedents beginning with *Aikens*, the prima facie case is a largely unnecessary sideshow. It has not benefited employees or employers; nor has it simplified or expedited court proceedings. In fact, it has done exactly the opposite, spawning enormous confusion and wasting litigant and judicial resources.

Lest there be any lingering uncertainty, we state the rule clearly: In a Title VII disparate-treatment suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not – *and should not* – decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas*. Rather, in considering an employer's motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin? *See Hicks*, 509 U.S. at 507-08, 511; *Aikens*, 460 U.S. at 714-16.[2]

---

[2] For those rare situations where it still matters whether the employee made out a prima facie case – namely, those cases in which the defendant does not assert *any* legitimate, non-discriminatory reason for the decision – establishing a prima face case is "not onerous." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). For example, to make out a prima facie case, a plaintiff need not demonstrate that he or she was treated differently from a similarly situated employee or that the position was filled by a person outside the plaintiff's group. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13

8

III

In this case, the employer Sergeant at Arms asserted a legitimate, non-discriminatory reason for the adverse employment action – namely, that Brady committed sexual harassment. Under *Aikens* and related Supreme Court precedents, the question whether Brady actually made out a prima facie case is therefore irrelevant. So we turn directly to the central issue: whether Brady produced evidence sufficient for a reasonable jury to find that the employer's stated reason was not the actual reason and that the employer intentionally discriminated against Brady based on his race. When determining whether summary judgment or judgment as a matter of law is warranted for the employer, the court considers all relevant evidence presented by the plaintiff and defendant. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148-49 (2000); *see also Czekalski v. Peters*, 475 F.3d 360, 364 (D.C. Cir. 2007); *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998) (en banc).

The employer produced deposition testimony from its decisionmaker Livingood that Brady was demoted because he grabbed his crotch in front of three other employees. The employer submitted additional supporting evidence: that two employees saw and complained about the incident; that the

_____

(1996); *Wiley v. Glassman*, 511 F.3d 151, 156 (D.C. Cir. 2007); *Czekalski*, 475 F.3d at 365-66; *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 850-51 (D.C. Cir. 2006); *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006); *George*, 407 F.3d at 412-13; *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1150-51 (D.C. Cir. 2004); *Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 762-63 (D.C. Cir. 2002); *Stella v. Mineta*, 284 F.3d 135, 145-46 (D.C. Cir. 2002). Rather, such evidence (or the lack of such evidence) may be relevant to the determination at summary judgment or trial whether intentional discrimination occurred.

initially reluctant third witness did not deny that Brady had grabbed his crotch; that the incident was thoroughly and independently investigated; and that Brady's actions violated the office's sexual harassment policy.

A plaintiff such as Brady may try in multiple ways to show that the employer's stated reason for the employment action was not the actual reason (in other words, was a pretext). Often, the employee attempts to produce evidence suggesting that the employer treated other employees of a different race, color, religion, sex, or national origin more favorably in the same factual circumstances. *See* 1 LEX K. LARSON, EMPLOYMENT DISCRIMINATION § 8.04, at 8-66 (2d ed. 2007) ("Probably the most commonly employed method of demonstrating that an employer's explanation is pretextual is to show that similarly situated persons of a different race or sex received more favorable treatment."); 1 BARBARA LINDEMANN & PAUL GROSSMAN, EMPLOYMENT DISCRIMINATION LAW 73 (4th ed. 2007) ("In most cases the key to proving pretext is comparative evidence."). Alternatively, the employee may attempt to demonstrate that the employer is making up or lying about the underlying facts that formed the predicate for the employment decision. If the employer's stated belief about the underlying facts is reasonable in light of the evidence, however, there ordinarily is no basis for permitting a jury to conclude that the employer is lying about the underlying facts. *See George v. Leavitt*, 407 F.3d 405, 415 (D.C. Cir. 2005) ("[A]n employer's action may be justified by a reasonable belief in the validity of the reason given even though that reason may turn out to be false."); *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (employer prevails if it "honestly believes in the reasons it offers"); 1 LARSON § 8.04, at 8-73 ("[A]n employer's action may be based on a good faith belief, even

though the reason may turn out in retrospect to be mistaken or false.").[3]

Brady's only argument for discrediting the employer's asserted non-discriminatory reason is his contention that the underlying sexual harassment incident never occurred; he raises the specter that the original accusers were racially motivated and made up the incident. Brady further says it's the jury's job to decide factual and credibility questions of this kind. But Brady misunderstands the relevant factual issue. The question is not whether the underlying sexual harassment incident occurred; rather, the issue is whether *the employer honestly and reasonably believed* that the underlying sexual harassment incident occurred. *See George*, 407 F.3d at 415; *Fischbach*, 86 F.3d at 1183. Brady himself acknowledges that Livingood believed the incident occurred. *See* Brady Deposition Transcript, J.A. 70 ("Q: Is it your understanding that Mr. Livingood believed that you grabbed yourself? A: Yes."). Although Brady asserts that the accusations and ensuing investigation were racially tainted and the incident did not occur, he did not produce evidence sufficient to show that the Sergeant at Arms' conclusion was dishonest or unreasonable. *Cf. Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 855-57 (D.C. Cir. 2006).

---

[3] Employees often try to cast doubt on an employer's asserted reason in other ways as well, such as pointing to: changes and inconsistencies in the stated reasons for the adverse action; the employer's failure to follow established procedures or criteria; the employer's general treatment of minority employees; or discriminatory statements by the decisionmaker. *See* 1 LARSON § 8.04, at 8-74 to -75; 1 LINDEMANN & GROSSMAN at 89; 1 ABIGAIL COOLEY MODJESKA, EMPLOYMENT DISCRIMINATION LAW § 1.9, at 1-134 to -39 (3d ed. 2007).

Therefore, summary judgment for the Sergeant at Arms was proper.[4]

Allowing Brady to end-run summary judgment in these circumstances would create significant practical problems. Employers obviously have to resolve factual disagreements all the time in order to make employment decisions regarding hiring, promotion, discipline, demotion, firing, and the like. In many situations, employers must decide disputes based on credibility assessments, circumstantial evidence, and incomplete information. But Brady's argument would mean that every employee who is disciplined, demoted, or fired for alleged misconduct could sue for employment discrimination based on race, color, religion, sex, or national origin and – merely by denying the underlying allegation of misconduct – *automatically* obtain a jury trial. Brady cites no support for that proposition, which would wreak havoc on district courts' orderly resolution of employment discrimination cases and improperly put employers in a damned-if-you-do, damned-if-you-don't posture when addressing disciplinary issues in the workplace.

Brady also implies that the Office of the Sergeant at Arms overreacted and adopted a hair-trigger approach to the reported incident. But many employers today aggressively react to sexual harassment allegations; an employer does not engage in discrimination on the basis of *race* by strictly and uniformly enforcing a policy against any remote hint or

---

[4] Even if Brady showed that the sexual harassment incident was not the actual reason for his demotion, he still would have to demonstrate that the actual reason was a racially discriminatory reason. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 514 (1993). Of course, discrediting an employer's asserted reason is often quite probative of discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000).

suggestion of sexual harassment in the workplace. It is not the Judiciary's place to micro-manage an employer's sexual harassment policies when resolving a claim of racial discrimination. As the Supreme Court has stated, "[c]ourts are generally less competent than employers to restructure business practices, and unless mandated to do so by Congress they should not attempt it." *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 578 (1978).

In sum, the Office of the Sergeant at Arms produced evidence of a legitimate, non-discriminatory reason for Brady's demotion: that Brady engaged in sexual harassment in the workplace in violation of office policy. Brady failed to put forward sufficient evidence for a reasonable jury to find that the employer's legitimate, non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against him on the basis of race.

\* \* \*

We affirm the judgment of the District Court granting summary judgment to the Office of the Sergeant at Arms.

*So ordered.*