**Connie C. RESHARD, Appellant,**

v.

**The Honorable Raymond H. LAHOOD, Secretary of Transportation, United States Department of Transportation, Appellee.**

No. 09–5034.

United States Court of Appeals, District of Columbia Circuit.

Dec. 14, 2009.

Connie Cornelia Reshard, Washington, DC, pro se.

Wyneva Johnson, Assistant U.S. Attorney, R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and HENDERSON and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). For the reasons stated below, it is

**ORDERED** that the judgment of the district court be affirmed.

Connie Reshard appeals the district court's grant of summary judgment to the Department of Transportation (DOT) on her employment discrimination and retaliation claims. She alleges that her non-selection for the position of Director of the Office of Economic and Strategic Analysis constituted discrimination on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and on the basis of age, in violation of the Age Discrimination and Employment Act, 29 U.S.C. §§ 621 *et seq.* She also alleges that her non-selec-

tion constituted retaliation, in violation of Title VII, for an earlier lawsuit—also alleging employment discrimination—which she has pursued against DOT since 1987.

Reshard's claims fail because she has not shown that DOT's proffered non-discriminatory and non-retaliatory reason for not selecting her—that she was not the most qualified candidate—is pretextual. *See Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 494 (D.C.Cir.2008) (once "an employer has asserted a legitimate, non-discriminatory reason" for adverse employment action, there remains but one "central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee"); *see also Jones v. Bernanke,* 557 F.3d 670, 678 (D.C.Cir.2009) (applying *Brady* to retaliation claim). The record makes clear that the successful candidate was more qualified for the position than Reshard in terms of education, prior experience and responsiveness to enumerated job requirements. No reasonable juror could find discrimination or retaliation under these circumstances. Relatedly, the district court did not abuse its discretion in denying Reshard discovery, as she gives no sufficient reason to believe that discovery would aid her case. *See, e.g., Carpenter v. Fed. Nat'l Mortgage Ass'n,* 174 F.3d 231, 237 (D.C.Cir.1999) (discovery denial not abuse of discretion if plaintiff fails to identify facts that would create triable issue); *Bastin v. Fed. Nat'l Mortgage Ass'n,* 104 F.3d 1392, 1396 (D.C.Cir.1997) (discovery denial not abuse of discretion if plaintiff is "unable to offer anything but rank speculation to support" her claim and if discovery "would amount to nothing more than a fishing expedition"); *Strang v. U.S. Arms Control & Disarmament Agency,* 864 F.2d 859, 861 (D.C.Cir.1989) (discovery denial

not abuse of discretion if request based solely on "desire to test and elaborate affiants' testimony") (internal quotation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.