JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and appendices filed by the parties. See Fed. R.App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is
ORDERED that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is
FURTHER ORDERED AND ADJUDGED that the district court’s orders filed June 4, 2002, July 2, 2003, July 13, 2007, and July 2, 2008, be affirmed. In the June 4, 2002 order, the district court dismissed the retaliation claim because, at that time, appellant had not exhausted her administrative remedies as to that claim under the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1301-1438 (2008) (“CAA”). See Halcomb v. Sergeant-at-Arms, 563 F.Supp.2d 228-48 (D.D.C.2008). Because the exhaustion requirement is jurisdictional, see Blackmon-Malloy v. U.S. Capitol Police Board, 575 F.3d 699, 705 (D.C.Cir.2009), the district court appropriately dismissed the claim. 2 U.S.C. §§ 1404, 1408(a) (employee may initiate civil action under the CAA only after completion of counseling and mediation).
In the July 2, 2003 order, the district court denied appellant’s motions for in-junctive relief related to her May 21, 2003 job termination. Because appellant had not exhausted her administrative remedies regarding her claim of retaliatory termination, the district court lacked jurisdiction to consider her request for injunctive relief as to that claim.
In the July 13, 2007 order, 2007 WL 2071684, the district court granted reconsideration of an April 2005 minute order, granting appellant’s motion for leave to file a brief seeking reversal of the decision of the Board of Directors of the Office of Compliance regarding her retaliatory termination complaint. Because the district court lacked subject matter jurisdiction to review the final decision of the Board of Directors, see 2 U.S.C. § 1407 (CAA confers exclusive jurisdiction over a decision of the Board of Directors of the Office of Compliance on the Federal Circuit), the *151 district court properly granted the motion for reconsideration.
In the final order, filed March 28, 2008, the district court granted summary judgment for appellee and dismissed appellant’s discrimination and retaliation complaint. See Halcomb v. Sergeant-at-Arms, 563 F.Supp.2d 228-48 (D.D.C.2008). We affirm the grant of summary judgment because appellant has failed to produce evidence sufficient for a reasonable jury to find that appellee’s asserted non-diserimi-natory reasons were not the actual reasons for the actions she complained of, and that appellee intentionally discriminated or retaliated against her. See Jones v. Bernanke, 557 F.3d 670, 678 (D.C.Cir.2009).
With regard to appellant’s discrimination claim, to the extent the challenged actions amounted to adverse employment actions, appellee provided legitimate, nondiscriminatory reasons for the actions. For none of the claims did appellant produce sufficient evidence from which a reasonable jury could conclude the actions were made for a discriminatory reason. See Kersey v. WMATA, 586 F.3d 13, 16-17 (D.C.Cir.2009); Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C.Cir. 2008).
Similarly, with regard to appellant’s retaliation claim, to the extent the challenged actions amounted to adverse employment actions, appellant failed to produce any evidence to discredit appellee’s proffered legitimate, non-discriminatory explanations for the various controverted actions, or to allow a reasonable jury to conclude those actions were the product of retaliation. See Jones v. Bernanke, 557 F.3d 670, 678 (D.C.Cir .2009).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cir. Rule 41.