**Paul C. ADAIR, Appellant**

v.

**Hilda L. SOLIS, Secretary of the United States Department of Labor, Appellee.**

Nos. 10–5388, 11–5108.

United States Court of Appeals, District of Columbia Circuit.

March 27, 2012.

Paul C. Adair, Washington, DC, pro se.

Wynne Patrick Kelly, Assistant U.S., R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the district court's September 30, 2010 order granting summary judgment in favor of the Secretary of Labor and its April 15, 2011 minute order denying the post-judgment motion requesting an evidentiary hearing be affirmed.

The Secretary terminated Paul C. Adair for "(i) failure to complete certain assignments, (ii) insubordination, and (iii) making statements to supervisors and co-workers that resulted in anxiety and disruption in the workplace." *Adair v. Solis,* 742 F.Supp.2d 40, 43 (D.D.C.2010). Adair sought review in the district court claiming that the Secretary unlawfully discriminated against him on the basis of his race and alleged disability. He also claimed that the decision of the Merit Systems Protection Board (MSPB) affirming his termination was unsupported by substantial evidence, did not promote the efficiency of the federal service, and was rendered in violation of his due process rights. *Id.* The district court granted the Secretary's motion for summary judgment. *Id.* at 52, 68. Adair brought a post-judgment motion seeking an evidentiary hearing concerning alleged improper *ex parte* contacts between an adviser to the administrative law judge who decided Adair's case at the MSPB stage and a former co-worker of Adair's. The district court denied the motion as untimely. Minute Order, *Adair v. Chao,* No. 1:04–cv–01469 (D.D.C. April 15, 2011). Adair appeals both decisions. We affirm both decisions.

■ With regard to the district court's grant of summary judgment, the Secretary had legitimate, non-discriminatory reasons for removing Adair, and Adair failed to produce evidence sufficient for a reasonable jury to find that his race was the real reason. *See Brady v. Office of the Sergeant at Arms,* 520 F.3d 490, 494 (D.C.Cir. 2008). Adair failed to challenge in his brief the district court's denial of his disability discrimination claim, and so it is forfeited. *See Dunkin' Donuts Mid–Atl. Distrib. Ctr., Inc. v. NLRB,* 363 F.3d 437, 441 (D.C.Cir.2004). Further, we agree with the district court that the Secretary is entitled to summary judgment on Adair's

other claims because the MSPB's decision was supported by substantial evidence, was not arbitrary and capricious, and was not reached in violation of Adair's procedural rights. *See Fogg v. Ashcroft,* 254 F.3d 103, 112 (D.C.Cir.2001).

■ As to the district court's denial of Adair's motion for a post-judgment evidentiary hearing, Adair filed his motion in 2011, but admitted that he first knew of the alleged improper contacts in 2003. Given Adair's failure to raise the issue during discovery or at any other point in the more than six years that the case was pending before the district court, the district court did not abuse its discretion in concluding that the motion was untimely. *See Ned Chartering & Trading, Inc. v. Republic of Pakistan,* 294 F.3d 148, 151 (D.C.Cir.2002) (holding that the district court did not abuse its discretion in denying further discovery because it had already allowed adequate time).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.