# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 8, 2014          Decided August 1, 2014

No. 12-5345

LISA V. MULRAIN,
APPELLANT

v.

JULIÁN CASTRO, SECRETARY OF HOUSING AND URBAN
DEVELOPMENT,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01601)

*Robert C. Seldon* argued the cause for appellant. With him on the briefs was *Lauren E. Marsh. Molly E. Buie* entered an appearance.

*Javier M. Guzman*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: GRIFFITH, KAVANAUGH, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Lisa Mulrain, an employee of the Department of Housing and Urban Development (HUD), appeals a summary judgment order rejecting her claim of workplace racial discrimination under Title VII of the Civil Rights Act of 1964. Because Mulrain has failed to identify evidence from which a reasonable jury could find that her non-promotion was racially discriminatory, we affirm.

I

Mulrain, an African-American, has worked as an attorney-advisor in the Finance Division of HUD's Office of General Counsel since 2000. The Finance Division serves as in-house counsel to the Government National Mortgage Association ("Ginnie Mae"), a government corporation within HUD that operates in the secondary mortgage market. In 2008, Mulrain applied for promotion to the newly-created position of Deputy Assistant General Counsel (DAGC) of the Finance Division. But partway through the interview process, department officials awarded the job to Maura Malone, an "outstanding" Caucasian employee then serving as a DAGC elsewhere in the Office of General Counsel who was on the verge of taking a job outside of HUD.

The parties dispute the reason for Malone's hiring. Mulrain contends that the job went to Malone so that it would not be given to her. In Mulrain's view, Malone did not possess the specialized legal knowledge of Ginnie Mae issues necessary for the new DAGC position. In fact, Mulrain views herself as the only qualified candidate because she was the only applicant with Ginnie Mae experience. Mulrain claims that the qualification gap between Malone and her shows HUD's discriminatory intent.

HUD counters that any alleged gap between the qualifications of Mulrain and Malone is irrelevant to this case because no HUD official ever compared Malone's and Mulrain's credentials. Rather, Linda Cruciani, a senior HUD official who had not yet been involved in the process of interviewing candidates for the DAGC position, made the decision to terminate the normal interview process and award the position to Malone in a bid to retain the "superstar" employee. In doing so, Cruciani never compared Malone's credentials to Mulrain's or to any other applicant's. In fact, Cruciani testified that she did not even know that Mulrain had applied for the position. Moreover, HUD adds, there was no "qualification gap" between the applicants because Ginnie-Mae-specific legal experience was not required for the position. Expertise in general HUD and mortgage issues, both of which Malone had in abundance, made her more than qualified, says HUD.

Mulrain initiated this Title VII action in September 2011, alleging discrimination based on race. The district court granted summary judgment to the defendant, concluding that HUD had articulated a legitimate reason for its reassignment decision—retaining Malone—and that Mulrain had not shown that HUD's explanation was a pretext for racial discrimination. *See Mulrain v. Donovan*, 900 F. Supp. 2d 62 (D.D.C. 2012). Mulrain now appeals. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's judgment de novo. *See Lathram v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003).

II

We affirm, although our approach is more straightforward than the district court's. The district court concluded that Mulrain failed to demonstrate that HUD's stated reason for

hiring Malone was pretextual. There was, the court concluded, no "qualification gap" between the applicants because no Ginnie-Mae-specific experience was required for the DAGC position. And, even if there had been a gap, Cruciani knew nothing of it. We need not determine whether there was any such gap. As we explain below, HUD was entitled to summary judgment because there is simply no basis to infer that Cruciani discriminated against Mulrain. Cruciani believed that Malone was qualified and was unaware that Mulrain had applied for the position.

In a Title VII employment discrimination case, once the employer asserts a legitimate, non-discriminatory reason for its decision, as HUD has done here by citing its desire to retain Malone, the plaintiff can avoid summary judgment only by "produc[ing] sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason" for the decision is a pretext for unlawful discrimination. *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493-94 (D.C. Cir. 2008). A plaintiff can satisfy this burden through "evidence, direct or circumstantial, that permits an inference of discrimination." *Holcomb v. Powell*, 433 F.3d 889, 899 (D.C. Cir. 2006).

Mulrain seeks to show discrimination mainly by contending that Malone was unqualified for the DAGC position. A qualification gap may support an inference of discrimination when an employer directly compares two candidates for a position and, recognizing that the minority applicant is more qualified, nonetheless selects the non-minority. *See, e.g.*, *Calhoun v. Johnson*, 632 F.3d 1259, 1262-63 (D.C. Cir. 2011); *Lathram*, 336 F.3d at 1088, 1091-92; *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc). But here, all of the evidence indicates that nothing like that happened. Instead, two independent

processes occurred simultaneously: Cruciani looked for a position for Malone to entice her to stay, and other staff reviewed applications for the DAGC position, including Mulrain's. The dispositive fact is that Cruciani ultimately decided to transfer Malone to the new DAGC position without knowing that Mulrain had applied for it. Whether Mulrain was more qualified or not, Cruciani could not have intended to discriminate against someone she did not even know wanted the job.[*]

Accordingly, the district court's grant of summary judgment is affirmed.

---

[*] Mulrain also advanced two others bases for inferring discrimination, but we adopt the district court's reasoning in rejecting those inferences.