**Charles L. LIGHT, Appellant**

v.

**Karen G. MILLS, Administrator, U.S. Small Business Administration, Appellee.**

**No. 12–5372.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 27, 2014.

Charles L. Light, Rocklin, CA, pro se.

John G. Interrante, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Before GARLAND, Chief Judge, WILLIAMS and RANDOLPH, Senior Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal from the order of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(D). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Appellant Charles L. Light seeks reversal of the district court's order granting summary judgment to appellee, the Small Business Administration ("SBA"), on Light's claim that the SBA, through Disaster Personnel Director Allan Hoberman, rejected his application for employment in retaliation for his prior equal employment opportunity ("EEO") activity. Appellant's Br. 1.

The SBA has proffered a legitimate, non-retaliatory reason for Hoberman's decision not to rehire Light: Light's inappropriate and disruptive conduct as a prior SBA employee. Appellee's Br. 19. Hoberman testified that he considered a negative comment in Light's employment record ·(the "blue card") as well as a discussion with SBA official Evelyn Morris. See Hoberman Dep. 75:12–76:10. In a letter to Light explaining the reasoning for his decision, Hoberman also referred to a letter that Light sent to the SBA in September 1994 in which Light announced his departure, stated that ·he was angry, and made comments that Hoberman considered "neither correct nor constructive" regarding his former supervisors. Hoberman Ltr. to Light, Oct. 6, 2004; Hoberman Dep. 118:08–18.

Because the SBA has provided a legitimate explanation for Hoberman's decision, "the only question is whether the employee's evidence creates a material dispute on the ultimate issue of retaliation 'either directly by [showing] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Jones v. Bernanke*, 557 F.3d· 670, 678 (D.C.Cir.2009) (alteration in original) (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)).

Light pursued both the direct and indirect avenues. The district court correctly found, however, that Light had failed to raise a genuine issue of material fact on the question of Hoberman's motivation.

First, Light fails to show that Hoberman's "proffered explanation is unworthy of credence." *Jones,* 557 F.3d at 678. Light argues that discrepancies between versions of the blue card indicate that the negative comment was false, inaccurate, or added after the fact. Appellant's Br. 15–19. However, any version of the blue card in the record would have been sufficient to support Hoberman's testimony. The issue is not "the correctness or desirability of [the] reasons offered," but "whether the employer honestly believes in the reasons it offers." *Fischbach v. D.C. Dep't of Corr.,* 86 F.3d 1180, 1183 (D.C.Cir.1996) (alteration in original) (quoting *McCoy v. WGN Cont'l Broad. Co.,* 957 F.2d 368, 373 (7th Cir.1992)). Furthermore, the SBA has adequately explained the causes of the differences among the versions. See Appellee's Br. 21–25. Light also fails to demonstrate any reversible error in the district court's rulings on his claims that certain of the materials offered by the SBA in support of its summary judgment motion would not have been admissible in evidence at trial.

Nor does Light show that "a discriminatory reason more likely motivated" Hoberman. *Jones,* 557 F.3d at 678. Even if we adopted the first-opportunity-to-retaliate test—under which Hoberman rejected Light's application "hours" after first having the opportunity to do so, Appellant's Br. 34—Light's evidence that his prior protected activity in fact motivated Hoberman's decision would remain "anemic." *Light v. Mills,* 895 F.Supp.2d 191, 197 (D.D.C.2012). Because Hoberman's testimony was "reasonable in light of the evidence," there was "no basis for permitting a jury to conclude" that his explanation was untrue. *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 495 (D.C.Cir.2008). Unlike in *Borgo v. Goldin,* 204 F.3d 251 (D.C.Cir.2000), where a jury could reasonably have inferred either

that a supervisor retaliated in response to a paragraph alleging discrimination or that he generally responded to "the letter's overall non-responsiveness and message of non-acquiescence," *id.* at 257, the evidence here provides no grounds for doubting that Hoberman relied on permissible bases—including any non-protected portions of Light's letter—for his decision.

Pursuant to Rule 36 of this court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.