Samuel ST. JOHN, Appellant

v.

**Jeh Charles JOHNSON, Secretary, Department of Homeland Security, Appellee.**

No. 13–5349.

United States Court of Appeals, District of Columbia Circuit.

May 29, 2015.

Rehearing En Banc Denied Aug. 3, 2015.

Jennifer I. Klar, Tara Kolar Ramchandani, Sasha M. Samberg–Champion, Esquire, John P. Relman, Glenn Schlactus, Relman, Dane & Colfax PLLC, Washington, DC, for Appellant.

Jeremy Scott Simon, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: BROWN, GRIFFITH, and KAVANAUGH, Circuit Judges.

***JUDGMENT***

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(e). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be AFFIRMED.

In 2008, Samuel St. John applied to become the permanent Director of the Container Security Initiative, which is part of the Cargo and Conveyance Security Division of U.S. Customs and Border Protection. St. John's supervisor, Todd Owen, did not select him for that position. In 2010, St. John filed this lawsuit alleging that he was denied the position because of age and national origin discrimination. The defendant asserted that St. John was not selected because he had performed poorly during the time that he had been Acting Director of the Container Security Initiative and because the person who was selected was well-qualified. The District Court granted summary judgment to the defendant. St. John has appealed the national original discrimination claim to this Court. Our review is de novo. We affirm.

In an employment discrimination case such as this with no direct evidence of discrimination, courts at the summary judgment stage must resolve "one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-dis-

criminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?" *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 494 (D.C.Cir.2008). In doing so, courts of course must view the evidence in the light most favorable to the non-moving party.

A key fact in this case is that Owen had previously selected St. John to be the Acting Director. And the record overwhelmingly establishes that St. John did not perform well as Acting Director. Principally for that reason, Owen says that he declined to make St. John the permanent Director. Most notably, the record shows that a variety of agency officials complained to Owen about St. John when St. John was Acting Director. For example, the Head of the Secure Freight Initiative, Richard DiNucci, complained that St. John did not collaborate well with his team. J.A. 74. Owen ultimately had to intervene, directing St. John to cooperate with DiNucci and provide the resources he requested. J.A. 128. Similarly, the Director of the National Targeting Center–Cargo, Frank Jaramillo, stated that "at times it was difficult" to work with St. John because "he was more compartmentalizing in his management style." J.A. 461. Owen testified that he had to instruct St. John to make resources available to Jaramillo on at least two occasions. *See* J.A. 288. St. John also refused to comply with a staffing request from Allen Gina, who was the Assistant Commissioner of Customs and Border Protection and significantly more senior than St. John. *See* J.A. 128. On the basis of these and other similar incidents, Owen concluded that St. John "was deficient in the leadership skills needed" to be the permanent Director. *See* J.A. 277.

Another key fact in this case is that the person who was selected as permanent Director, Daniel Stajcar, was qualified for that position. In making promotions, the relative qualifications of the candidates are of course important. If the decisionmaker promotes someone significantly less qualified, that can be probative of discrimination. But in "order to justify an inference of discrimination, the qualifications gap must be great enough to be inherently indicative of discrimination." *Jackson v. Gonzales,* 496 F.3d 703, 707 (D.C.Cir.2007) (internal quotation marks omitted). There is no such gap here. On the contrary, the record shows that Stajcar, like St. John, scored 99 out of 100 on his supervisor/manager occupational questionnaire. *See* J.A. 89. Stajcar also had significant prior managerial experience. And Stajcar did not have the negative reviews that St. John had received in the Acting Director position.

As the District Court properly concluded, St. John "had an opportunity to demonstrate his leadership ability as Acting Director," but he instead "demonstrated leadership deficiencies multiple times, such that the defendant reasonably believed that the plaintiff would be unable to adequately perform as the permanent CSI Director." *St. John v. Napolitano,* 20 F.Supp.3d 74, 101 (D.D.C.2013). At the same time, defendant promoted "Stajcar, who, in the defendant's view, had demonstrated the requisite leadership qualities." *Id.* In short, St. John failed to provide sufficient evidence to overcome summary judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.