WILKINS, Circuit Judge,
dissenting in part:
While I join the bulk of the Court’s opinion, I must part ways with my col *763 leagues on Numddin’s Title VII claims related to NASA’s decision not to give him a performance award in 1999. I believe a reasonable jury could infer this decision was motivated by unlawful discrimination or retaliation.
The “ ‘central question’ at summary judgment becomes whether ‘the employee produced sufficient evidence for a reasonable jury to find that the employer’s asserted nondiseriminatory or non-retaliatory reason was not the actual reason and that the employer intentionally discriminated or retaliated against the employee.’ ” Walker v. Johnson, 798 F.3d 1085, 1092 (D.C.Cir.2015) (quoting Allen v. Johnson, 795 F.3d 34, 39 (D.C.Cir.2015) (brackets omitted)).
I disagree with the majority that Nur-riddin needs to point to a comparator to survive summary judgment. See Maj. Op. 761 (objecting that Nurriddin has provided “no evidence” of an employee treated more favorably than him). Nurriddin certainly is not required to come forth with evidence that NASA treated similarly situated employees more favorably. While that is one potential avenue, he can also support an inference of discrimination by exposing NASA’s explanation as “inconsistent or dishonest.” Walker, 798 F.3d at 1092; see also Brady v. Office of Sergeant at Arms, 520 F.3d 490, 495 (D.C.Cir.2008) (“Alternatively, the employee may attempt to demonstrate that the employer is making up or lying about the underlying facts that formed the predicate for the employment decision.”). He has done so here.
NASA’s proffered legitimate reason for not giving a 1999 bonus is that Nurriddin worked elsewhere during that time. According to a 2001 affidavit from Malcolm Phelps, Nurriddin’s first-level supervisor, no award was given “because [Nurriddin] had not worked in the office for the entire year.” Also in a 2001 affidavit, alternate first-level supervisor Sherri McGee explained that “in management’s estimation, there was no ‘performance’ that justified an award.” NASA contends that it was up to the detail agency, the National Science Foundation (“NSF”), to provide the bonus.
NASA’s proffered reason is flatly contradicted elsewhere in the record. Deposition testimony by human resources official Inez Hunter reveals that if a detail office was not willing to fund a bonus, NASA could still fund it — at management’s discretion. “[I]f the work was actually outstanding,” explained Hunter, “... what the [employee] would get, that would be management’s discretion.” When asked if an employee’s detail was a valid reason to deny a performance award, Hunter answered, “no.”
NASA does not engage with this contradiction but instead simply maintains that Numddin’s detail office “did not fund” an award. For support, the agency cites to an evaluation letter from the NSF. The letter is entirely glowing of Nurriddin’s performance but does not say one way or another whether the NSF provided money for an award. The only conclusion this letter supports is that Nurriddin’s work on detail “was actually outstanding.”
Viewing the evidence in the light most favorable to Nurriddin, his supervisors gave reasons for not providing a bonus that a reasonable jury could find false. See Walker, 798 F.3d at 1092 (“A plaintiff may support an inference that the employer’s stated reasons were pretextual ... by citing the employer’s ... inconsistent or dishonest explanations ... or other relevant evidence that a jury could reasonably conclude evinces an illicit motive.”). Human Resources contends Phelps and McGee did have the discretion to give Nurriddin an award. The District Court confirmed that “other NASA managers received performance awards while on de *764 tail.” Nurriddin IV, 40 F.Supp.3d at 127. Furthermore, the agency was caught in a November 1998 email chain discussing Nurriddin’s placement options on detail in terms of “conditions such as resolution of the EEO complaints,” after which Nurrid-din filed another EEO complaint naming Phelps and McGee as responsible management officials in January of 1999. All of this evidence combined gives rise to an inference that Nurriddin did not receive a bonus on account of unlawful discrimination or retaliation.
When considering the evidence in the light most favorable to Nurriddin, as we . must, I do not believe that NASA has met its burden of proving “that there is no genuine dispute as to any material fact” regarding whether it was up to the detail agency to award a bonus, see Fed.R.Civ.P. 56(a), and I would reverse the District Court on these discrimination and retaliation claims alone. ■