**Karen BRANDLI, Appellant**

v.

**MICRUS ENDOVASCULAR CORPORATION, et al.,**
**Appellees**

**No. 16-7121**
**September Term, 2017**

United States Court of Appeals,
District of Columbia Circuit.

Filed on: October 27, 2017

---

Peter C. Cohen, Esquire, Charlson Bredehoft & Cohen, Reston, VA, for Plaintiff-Appellant

Grace E. Speights, Esquire, Partner, Jocelyn Renee Cuttino, Attorney, David B. Salmons, Esquire, Attorney, Morgan, Lewis & Bockius LLP, Washington, DC, for Defendants-Appellees

Before: Kavanaugh, Circuit Judge, and Williams and Ginsburg, Senior Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and appendix filed by the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the District Court's Order and Opinion filed September 21, 2016, be **AFFIRMED**.

The District Court thoroughly analyzed Brandli's D.C. Human Rights Act (DCHRA) claim and correctly concluded that Brandli had not produced sufficient evidence to overcome summary judgment.

To begin with, as the District Court concluded, the D.C. Court of Appeals and this Court have previously held that a discrimination claim under the DCHRA, D.C. Code § 2-1402.11(a), is analyzed in the same way as a federal discrimination claim under Title VII, 42 U.S.C. § 2000e-2(a). *See Burley v. National Passenger Rail Corp.*, 801 F.3d 290, 296 (D.C. Cir. 2015); *Bryant v. District of Columbia*, 102 A.3d 264, 268 (D.C. 2014). Applying those standards, the District Court correctly determined that the evidence produced by Brandli could not lead "a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of" sex. *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).

Brandli alleged that Bertrand acted with sex-discrimination animus in rating Brandli and that Bertrand thereby caused Brandli's dismissal during the company's post-merger reduction in force. The evidence produced by Brandli does not suffice to support that claim. Using the points-based rating system adopted by the merged company, Bertrand rated Brandli higher than many of Brandli's peers but lower than others. The two persons in Brandli's territory who were ultimately selected for continued employment received higher scores than Brandli. There is no evidence that Bertrand's rating of Brandli resulted from discrimination. Notably, Bertrand rated Brandli higher than several men. In short, the evidence produced by Brandli does not suffice to show that the ratings system and ratings process were tainted by discrimination.

Brandli also asserted that Bertrand colluded with a manager of the merged company to pre-determine the scores that the employees would receive. The District Court correctly concluded that there was insufficient evidence of such collusion to create a disputed issue of fact.

Brandli further claimed that Bertrand had engaged in a pattern of discrimination against women. The District Court carefully examined that claim and correctly found insufficient evidence to support it.

In sum, after painstakingly analyzing all of the evidence, the District Court correctly concluded that Brandli had not produced sufficient evidence of discrimination to overcome summary judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).