# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5176**

**September Term, 2020**

**1:17-cv-02647-TJK**

**Filed On:** April 23, 2021

Karen Baylor,

      Appellant

    v.

Jerome Powell, Chairman of the Board of
Governors of the Federal Reserve System,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Tatel, Pillard, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's April 29, 2020 order granting summary judgment to the Board of Governors of the Federal Reserve System ("the Board") be affirmed.

The district court did not err in granting summary judgment in favor of the Board on appellant's claims of discriminatory nonselection and retaliation. The Board provided legitimate, nondiscriminatory reasons for not selecting appellant, and appellant did not produce sufficient evidence for a reasonable jury to find that those reasons were pretext and that the Board instead intentionally discriminated against her on the basis of race. See Brady v. Office of Sergeant at Arms, 520 F.3d 490, 493–94 (D.C. Cir. 2008). Further, appellant has not produced sufficient evidence for a reasonable jury to find that the Board's termination of appellant's access to its PeopleClick system was a materially adverse employment action. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67–68 (2006).

Appellant argues that, at this stage in the proceeding, she was not required to establish a prima facie case of retaliation. To be sure, once the Board articulated its legitimate nonretaliatory reason for terminating appellant's access, the relevant inquiry

turned on "the ultimate issue of retaliation *vel non*." See Cruz v. McAleenan, 931 F.3d 1186, 1194 (D.C. Cir. 2019) (internal quotation marks omitted). However, this court has explained that it "can resolve that question in favor of the employer based either upon the employee's failure to rebut its explanation or upon the employee's failure to prove an element of her case—here that her employer took a materially adverse action against her." Taylor v. Solis, 571 F.3d 1313, 1320 n.* (D.C. Cir. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk