# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

───────

**No. 21-7032**

**September Term, 2021**

FILED ON: JULY 5, 2022

LINDA D. EPPS,

                APPELLANT

v.

POTOMAC ELECTRIC POWER COMPANY,

                APPELLEE

───────

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-01423)

───────

Before: WILKINS, KATSAS and WALKER, *Circuit Judges*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs and arguments. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** the district court's judgment.

\*     \*     \*

Linda Epps was working at the Potomac Electric Power Company when she took medical leave for her depression in 2006. Ten years later, PEPCO told Epps that her extended leave could not continue. By then, Epps's original position no longer existed. So with PEPCO's assistance, she tried to find a PEPCO job for which she was qualified. When that search proved unsuccessful, PEPCO fired Epps.

Epps sued PEPCO for disability discrimination. *See* 42 U.S.C. § 12112(a); D.C. Code 2-1402.11(a). The district court granted summary judgment to PEPCO. *Epps v. Potomac Electric Power Co.*, No. CV 18-1423, 2021 WL 1209208, at \*1 (D.D.C. Mar. 31, 2021). It concluded that no reasonable jury could find that PEPCO's reason for parting ways with Epps was (1) discriminatory or (2) pretextual. *Id.* at \*11-13. That conclusion was correct. *See Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008) (the "central question" is

whether "the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee").

First, we agree with the district court that PEPCO asserted a legitimate, non-discriminatory reason for neither reinstating nor reassigning Epps. *See id.* at 494-95. As the district court explained, PEPCO had eliminated her previous position, and Epps found no open position that she was qualified to fill. *Epps*, 2021 WL 1209208, at *9.

Epps says PEPCO had an open position for a "Service Associate." Appellant's Brief 33; Appellant's Reply Brief 18. But because Epps "had no knowledge of what skills the Service Associate required in any particular department," she did not demonstrate that she had the required skills for that position. *Epps*, 2021 WL 1209208, at *9. Nor did Epps provide any support for her accusation that PEPCO hid job vacancies from her. To the contrary, PEPCO's attempts to help Epps find a new position appear commendably exhaustive. *Id.* at *4-7.

Second, we agree with the district court that PEPCO's legitimate, non-discriminatory reason for firing Epps was not pretextual. *See Brady*, 520 F.3d at 495. Epps introduced no evidence that anyone who had anything to do with her firing harbored animus against her or bias against people with depression. *Epps*, 2021 WL 1209208, at *12-13. And from the moment this litigation began, PEPCO's legitimate, non-discriminatory reason for firing Epps never changed. *Epps*, 2021 WL 1209208, at *12; *cf. Geleta v. Gray*, 645 F.3d 408, 413 (D.C. Cir. 2011) ("Shifting and inconsistent justifications are probative of pretext . . . ." (cleaned up)).

In short, the record includes no proof that Epps lost her job for any reasons other than what PEPCO said: Her old job no longer existed, and she found nowhere else at PEPCO to work. *See Aka v. Washington Hospital Center*, 156 F.3d 1284, 1305 (D.C. Cir. 1998) ("An employee need not be reassigned if no vacant position exists . . . .").

For those reasons, we **AFFIRM** the district court's judgment.

\*     \*     \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk