# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 24-7132**                                    **September Term, 2025**

FILED ON: MAY 1, 2026

MARY E. CHAMBERS,
                    APPELLANT

v.

DISTRICT OF COLUMBIA,
                    APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-02032)

---

Before: SRINIVASAN, *Chief Judge*, and WILKINS and RAO, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order granting summary judgment to the District of Columbia be **AFFIRMED**.

\* \* \*

Mary Chambers was a Support Enforcement Specialist in the Child Support Service Division of the District of Columbia's Office of the Attorney General (OAG). During her time at OAG, Chambers made more than 20 requests to transfer to a different unit, all of which were denied. This appeal presents the latest installment in long-running litigation over one such transfer denial.

In September 2010, Chambers emailed her supervisors seeking a transfer to a different unit within the Division. Chambers's supervisors denied the transfer request, offering a facially nondiscriminatory reason: that it was "imperative that [Chambers's] Unit maintain, at a minimum, its current staffing level." Chambers later brought this Title VII action, alleging that OAG's transfer denial was motivated by sex discrimination. After the case came to our court, *see Chambers v. District of Columbia*, 35 F.4th 870 (D.C. Cir. 2022) (en banc), and then went back to the district court, the district court granted summary judgment to the District. Chambers now appeals.

We review the district court's grant of summary judgment de novo. *Ali v. Regan*, 111 F.4th 1264, 1273 (D.C. Cir. 2024). We ordinarily evaluate discrimination claims supported solely by circumstantial evidence—as is true of Chambers's claim here—under the three-part burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). But to survive summary judgment when, as here, an employer has offered a facially legitimate, nondiscriminatory reason for a challenged employment action, "the plaintiff must prove that a reasonable jury could infer that the employer's given explanation was pretextual and that this pretext shielded discriminatory motives." *Jackson v. Gonzalez*, 496 F.3d 703, 707 (D.C. Cir. 2007); *see also Allen v. Johnson*, 795 F.3d 34, 39 (D.C. Cir. 2015). The plaintiff can do so, for example, "by citing the employer's better treatment of similarly situated employees outside the plaintiff's protected group, its inconsistent or dishonest explanations, its deviation from established procedures or criteria, or the employer's pattern of poor treatment of other employees in the same protected group as the plaintiff, or other relevant evidence that a jury could reasonably conclude evinces an illicit motive." *Walker v. Johnson*, 798 F.3d 1085, 1092 (D.C. Cir. 2015) (citing *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 495 & n.3 (D.C. Cir. 2008)). Conclusory statements along these lines are insufficient: the plaintiff must produce some evidence to defeat the motion for summary judgment. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

On appeal, Chambers raises three challenges to the district court's grant of summary judgment: first, she points to two male comparators whom she alleges were granted transfers despite being similarly situated to her; second, she contends that OAG offered inconsistent explanations for denying her transfer; and third, she argues that other instances in which OAG employees mistreated her evince discriminatory motives. Each of those challenges is unavailing.

First, the district court correctly concluded that the two male employees Chambers put forward as comparators were not "nearly identical" to her in "all of the relevant aspects" of their employment situation. *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (quoting *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995)). Unlike Chambers, each of the proposed comparators was transferred involuntarily due to behavioral issues—not after making a request for a transfer. And also unlike Chambers, nothing in the record suggests that the proposed comparators' transfers were granted over a supervisor's protest that doing so would leave their units short-staffed. Chambers thus has not introduced evidence supporting the allegation that "similarly situated" male employees were treated "more favorably" than her with respect to transfer requests. *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 297 (D.C. Cir. 2015) (citing *Brady*, 520 F.3d at 495). In fact, the supervisor whose motives Chambers alleges were discriminatory allowed 16 other female employees under her supervision to transfer units.

Chambers's remaining arguments also fall short. She has not presented evidence supporting her assertion that OAG provided inconsistent or shifting explanations for its 2010 transfer denial, nor has she identified any evidence in the record undermining the legitimate, nondiscriminatory reason OAG offered for the denial, concerning the need to maintain the unit's staffing. And Chambers has failed to introduce evidence indicating that any of the other ways in which OAG allegedly mistreated her were motivated by sex or even involved the same decisionmakers who were responsible for the employment action challenged here.

Accordingly, we affirm the district court's grant of summary judgment to the District of Columbia.

*   *   *

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk