**Margaret D. NEWTON, Appellant**

v.

**OFFICE OF THE ARCHITECT OF THE CAPITOL, Appellee.**

**No. 13–5012.**

United States Court of Appeals, District of Columbia Circuit.

April 3, 2015.

Rehearing En Banc Denied May 28, 2015.

Jeffrey Howard Leib, Law Office of Jeffrey H. Leib, Washington, DC, for Appellant.

R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, Benton Gregory Peterson, Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: KAVANAUGH, Circuit Judge, and EDWARDS and SENTELLE, Senior Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral argument of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Margaret Newton worked as a Human Resources Specialist in the Human Resources and Management Division of the Architect of the Capitol. Newton alleges that her supervisors treated her poorly by requesting samples of her work product, assigning her to disgruntled employees, and issuing her letters of counseling describing complaints against her. She brought this suit for harassment and retaliation pursuant to the Congressional Accountability Act. That Act applies eleven federal statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.*, to the Legislative Branch. *See* 2 U.S.C. §§ 1302, 1311. The District Court granted defendant's motion to dismiss or for summary judgment.

The Congressional Accountability Act incorporates Title VII's discrimination provision by reference. *See* 2 U.S.C. § 1311. We therefore analyze Newton's harassment claim by using this Court's Title VII case law. *See Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 493 (D.C.Cir.2008). Put simply, the routine workplace actions to which Newton objects do not approach the kind of "severe or pervasive" conduct necessary to make out a hostile work environment claim. *Ayissi–Etoh v. Fannie Mae,* 712 F.3d 572, 577 (D.C.Cir.2013) (internal quotation marks omitted). Newton also alleges that these incidents constitute retaliation for her filing of two prior discrimination claims. *See* 2 U.S.C. § 1317. But Newton has not put forward sufficient evidence to make out a retaliation claim. In particular, the defendant has explained the rationale for the assignments of work to Newton and the letters of counseling. Newton has not produced sufficient evidence to cast doubt on those explanations or to otherwise make out a retaliation claim. Therefore, Newton's retaliation claim fails.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.