**Audrey SWANN, Appellant**

v.

**OFFICE OF THE ARCHITECT OF THE CAPITOL, Appellee.**

**No. 13–5100, 13–5102.**

United States Court of Appeals, District of Columbia Circuit.

April 3, 2015.

Rehearing En Banc Denied May 28, 2015.

Jeffrey Howard Leib, Law Office of Jeffrey H. Leib, Washington, DC, for Appellant.

Rhonda C. Fields, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, Peter Rolf Maier, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: KAVANAUGH, Circuit Judge, and EDWARDS and SENTELLE, Senior Circuit Judges

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral argument of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

Audrey Swann worked in the Electric Shop of the House Office Buildings, a division of the Architect of the Capitol. Swann sued her employer for discrimination and retaliation. She brought the suit under the Congressional Accountability Act. That Act applies eleven federal statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.*, to the Legislative Branch. *See* 2 U.S.C. §§ 1302, 1311. The District Court granted summary judgment to the defendant.

The Congressional Accountability Act incorporates Title VII's discrimination provision by reference. *See* 2 U.S.C. § 1311. We therefore analyze Swann's discrimination claims by using this Court's Title VII case law. *See Brady v. Office of Sergeant at the Arms,* 520 F.3d 490, 493 (D.C.Cir.

2008). Swann claims that she was forced to use a women's locker room that was inadequate and not as convenient as the men's locker room. The Architect, however, explained the locker-room arrangement, and, like the District Court, we find insufficient evidence of unlawful discrimination with respect to the locker rooms in place at the time. Swann has similarly failed to put forward sufficient evidence that the locker-room arrangement (or the other actions she cites) constituted the kind of "severe or pervasive" conduct necessary to make out a hostile work environment claim. *Ayissi–Etoh v. Fannie Mae,* 712 F.3d 572, 577 (D.C.Cir.2013) (internal quotation marks omitted).

Swann also alleges retaliation under the Congressional Accountability Act's retaliation provision. *See* 2 U.S.C. § 1317. She contends primarily that the Architect reprimanded her as retaliation for her filing the first of two actions consolidated here. The Architect explained that the reprimand of Swann was for her disappearance while on duty and failure to obey orders. Swann has not put forward sufficient evidence to cast doubt on the Architect's explanation or to otherwise make out a retaliation claim. Therefore, Swann's retaliation claim fails.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.