# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-5282**                    **September Term, 2014**

**1:09-cv-01364-CKK**

**Filed On:** July 10, 2015

Sharon M. Harrison,

      Appellant

    v.

Office of the Architect of the Capitol,

      Appellee


**BEFORE:**    Tatel, Brown, and Millett, Circuit Judges


## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). As this court recently explained, see Swann v. Office of the Architect of the Capitol, 598 Fed. Appx. 13, 14 (D.C. Cir. 2015); Newton v. Office of the Architect of the Capitol, 598 Fed. Appx. 12, 13 (D.C. Cir. 2015); the Congressional Accountability Act ("Act") incorporates Title VII's substantive discrimination provisions by reference. See 2 U.S.C. § 1311; see also Brady v. Office of Sergeant at Arms, 520 F.3d 490 (D.C. Cir. 2008). Therefore, contrary to appellant's argument, the district court correctly applied Title VII case law in analyzing her claim of discrimination under the Act.

Appellant also argues that the district court should not have used Title VII case law in analyzing her retaliation claims under the Act, but she has made no effort to show how application of a different standard would have changed the outcome. The court therefore declines to address the issue. To the extent appellant argues the district court committed error under Title VII standards in analyzing her hostile work environment claims, she has failed to show that her employer's conduct was "sufficiently severe or pervasive" to constitute a hostile work environment. Ayissi-Etoh v. Fannie Mae, 712 F.3d 572, 577 (D.C. Cir. 2013) (internal quotation marks omitted).

_____

**No. 14-5282**                                    **September Term, 2014**

    The Clerk is directed to publish this order.  The Clerk is further directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Ken Meadows
Deputy Clerk