Mary Ann TURNER, Appellant

v.

UNITED STATES CAPITOL
POLICE, Appellee.

No. 14-5056
September Term, 2015

United States Court of Appeals,
District of Columbia Circuit.

Filed On: June 3, 2016

Rehearing En Banc Denied
August 8, 2016.

Jeffrey Howard Leib, Law Office of Jeffrey H. Leib, Washington, DC, for Plaintiff–Appellant.

Rafique Omar Anderson, Esquire, Special Assistant U.S. Attorney, Frederick M. Herrera, United States Capitol Police Board, Office of the Employment Counsel, Washington, DC, for Defendant–Appellee.

Before: Rogers, Pillard and Wilkins, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record of the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Mary Turner, a U.S. Capitol Police Officer, appeals the dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of her sex discrimination, retaliation, and hostile work environment claims under the Congressional Accountability Act ("CAA"), 2 U.S.C. § 1301 *et seq.* These claims relate to Turner's discovery in June 2011 of an October 2009 close-out performance evaluation for the period after her voluntary transfer to another section of the Capitol Police Department when she heard Sergeant Michael Albrycht might return as her supervisor. Although Turner received "Outstanding" ratings in prior annual performance reviews, the close-out evaluation rated her "Meets Expectations." She alleges that this lower rating was the result of interference by Sgt. Albrycht, who had been removed as her supervisor when, in July 2008, she filed an administrative complaint with the Capitol Police accusing him of numerous acts of sex discrimination. Turner alleges that Sgt. Albrycht's interference with her close-out performance evaluation and the lowered rating constitute discriminatory and retaliatory conduct in violation of CAA §§ 201, 207, 2 U.S.C. §§ 1311(a)(1), 1317(a).

The district court dismissed Turner's sex discrimination claims on the ground that she had not alleged an adverse employment action. *Turner v. U.S. Capitol Police Bd.*, 983 F.Supp.2d 98, 105–06 (D.D.C. 2013). It dismissed her retaliation claims on the ground that she had not alleged an action that "a reasonable employee would have found ... materially adverse." *Id.* at 107. It dismissed her hostile work environment claims on the ground that any claim arising from Sgt. Albrycht's actions prior to July 2008 was untimely, falling far outside the 180-day period she had to "commence a proceeding" to exhaust her administrative remedies. *Id.* at 108, 111; *see* 2 U.S.C. § 1402(a); *Blackmon–Malloy v. U.S. Cap-*

*itol Police Bd.*, 575 F.3d 699, 701 (D.C. Cir. 2009). The district court reasoned that the discriminatory actions underlying Turner's 2008 administrative complaint could not be considered a part of the same actionable hostile work environment as the 2009 close-out performance evaluation because they either were not "adequately linked" in time or manner, *Turner*, 983 F.Supp.2d at 111, or had been "sever[ed]" by her employer's intervening actions removing Sgt. Albrycht from his supervisory position, *id.* Assuming that claims based on the lowered performance evaluation were timely, the district court found that the 2009 close-out was alone insufficient to support a hostile work environment claim. *Id.* at 110. Turner appeals, and our review is *de novo*, *see Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012).

Turner contends that the district court erred in two respects, first in applying the "adverse employment action" and "materially adverse action" standards of Title VII to her CAA sex discrimination and retaliation claims. This contention is barred by *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 492 (D.C. Cir. 2008), which held Title VII standards apply to CAA discrimination claims. *See id.* at 492 (citing 2 U.S.C. §§ 1302, 1311). To the extent she contends the district court erred by applying the "materially adverse" action standard of *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67–69, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), to her CAA retaliation claim, rather than the standard in *Britton v. Office of the Architect of the Capitol*, No. 02-AC-20, 2005 WL 6236944 (May 23, 2005 C.A.O.C.), she fails, even assuming error, to show how that would have changed the outcome in her case. *See Harrison v. Office of the Architect of the Capitol*, 793 F.3d 119 (D.C. Cir. 2015). In *Britton*, the Office of Compliance ruled not only that "Title VII-based frame-

works should be applied when analyzing retaliation claims brought under [CAA] Section 207," *id.* at *5, but that a violation arises from "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter a charging party or others from engaging in protected activity," *id.* at *7. This standard is indistinguishable from the standard applied by the district court, that a "materially adverse" action was one that could " 'dissuade[ ] a reasonable worker from making or supporting a charge of discrimination.' " *Turner*, 983 F.Supp.2d at 107 (quoting *Burlington*, 548 U.S. at 68, 126 S.Ct. 2405).

 Second, Turner contends that the district court erred in dismissing her hostile work environment claims for failure to timely exhaust her administrative remedies. She maintains that her claims were not untimely with respect to the 2009 close-out performance evaluation because, although she did not learn of the evaluation until two years after the fact, she timely filed her administrative action once the evaluation was discovered and, alternatively, equitable tolling applies. The district court concluded, much as in *Greer v. Paulson*, 505 F.3d 1306, 1315–16 (D.C. Cir. 2007), that two intervening actions—her employer's removal of Sgt. Albrycht from his supervisory position and Turner's decision to transfer to a different section in the Department—severed the pre-July 2008 conduct and the October 2009 evaluation. Turner fails to show these were merely routine personnel actions perpetuating or condoning the hostile environment of which she complained. *See id.* To the extent Turner argues for the first time in her reply brief that the district court erred in dismissing her hostile work environment claims based on pre-July 2008 conduct as untimely, because Sgt. Albrycht's prior discriminatory conduct was part of the same actionable hostile environment claim

as the close-out performance evaluation, Reply Br. at 22 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)), her argument comes too late and is forfeit, *see CTS Corp. v. EPA*, 759 F.3d 52, 60 (D.C. Cir. 2014).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.