William PARKER, Appellant

v.

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, Appellee

No. 16–7136
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: August 15, 2017

William Parker, Woodbridge, VA, pro se.

Matthew James Sharbaugh, Morgan, Lewis & Bockius LLP, Washington, DC, for Appellee.

BEFORE: Millett, Pillard, and Wilkins, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, filed September 28, 2016, be affirmed. Appellee has provided a "legitimate, non-discriminatory reason" for its employment decision, and appellant has not "produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of" a characteristic protected by law. Brady v. Office of Sergeant at Arms, 520 F.3d 490, 493–94 (D.C. Cir. 2008); see also Burley v. Nat'l Passenger Rail Corp., 801 F.3d 290, 296 (D.C. Cir. 2015) (applying McDonnell Douglas framework to Title VII and D.C. Human Rights Act claims); Brown v. Sessoms, 774 F.3d 1016, 1022 (D.C. Cir. 2014) (applying McDonnell Douglas framework to claim brought under 42 U.S.C. § 1981). He also failed to show that the final decision maker reached her determination without "conduct[ing] an independent review of the evidence," Hampton v. Vilsack, 685 F.3d 1096, 1101 (D.C. Cir. 2012), or that his termination was proximately caused by the discriminatory acts of others, see Hairston v. Vance–Cooks, 773 F.3d 266, 275 (D.C. Cir. 2014). Finally, appellant forfeited arguments mentioned for the first time on appeal. See Salazar ex rel. Salazar v. District of Columbia, 602 F.3d 431, 437 (D.C. Cir. 2010).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.