# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 21-5035

September Term, 2022

FILED ON: March 28, 2023

LORI PANARELLO,
              APPELLANT

v.

DEBRA A. HAALAND, SECRETARY, UNITED STATES DEPARTMENT OF THE INTERIOR,
              APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-02103)

Before: HENDERSON and WILKINS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is:

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

I.

Lori Panarello (Panarello) was a lieutenant in the United States Park Police (Park Police), a unit of the National Park Service within the Department of the Interior (Interior), until she was removed from service in 2016 after pleading guilty to driving while intoxicated (DWI) in Virginia. Park Police Deputy Chief Scott Fear explained in his September 8, 2016, decision letter that Panarello was removed "effective immediately" because her DWI conviction was serious in light of the notoriety associated with her arrest and conviction in a neighboring jurisdiction, her supervisory role in the Park Police and her two earlier disciplinary infractions, one of which was

1

also "alcohol-related" and for which infractions she had been suspended for three and fourteen days, respectively.[1]

Captain Michael Libby (Libby), Panarello's supervisor, personally delivered Deputy Chief Fear's decision letter to Panarello the following day, September 9, 2016. After reading the letter, Panarello asked Libby whether the effective date of her removal could be delayed. Libby called both his direct supervisor as well as Karlyn Payton-Williams (Payton-Williams), a Park Service human resources specialist, to inquire whether Panarello's removal could be extended to the end of the then-current pay period. They both told Libby they had to make further inquiries to determine whether Panarello's effective date of termination could be extended.

After Libby delivered the decision letter and called Payton-Williams, Payton-Williams called Panarello back. She said that she was "talking with Deputy Chief Fear for him to consider" a so-called last chance agreement that would hold Panarello's removal in abeyance and allow her to keep her job but that Panarello would have to drop her ongoing 2012 Title VII litigation against the Interior Secretary as a condition of the agreement.[2] Panarello immediately rejected Payton-Williams's proposal.

Panarello filed this Title VII suit against the Interior Secretary in 2017, alleging that the Park Police removed her based on her gender or in retaliation for her past protected activities. The district court granted summary judgment to the Interior Secretary in 2021. *Panarello v. Bernhardt*, No. 1:17-cv-2103, 2021 WL 86766, at \*14 (D.D.C. Jan. 11, 2021). Panarello appeals, contending that the Secretary failed to provide a legitimate, nondiscriminatory and nonretaliatory reason for her removal and that, even if she did, Panarello produced evidence sufficient for a reasonable jury to conclude the reason was pretextual.

We review a summary judgment grant *de novo*. *Evans v. Sebelius*, 716 F.3d 617, 619 (D.C. Cir. 2013) (citing *Salazar v. Wash. Metro. Area Transit Auth.*, 401 F.3d 504, 507 (D.C. Cir. 2005)).

II.

Title VII of the Civil Rights Act of 1964 prohibits an employer, including the federal government, from discriminating in employment decisions on the basis of gender, 42 U.S.C. §§ 2000e-2(a); 2000e-16(a), or in retaliation for an employee's protected activity under Title VII, *id.* § 2000e-3(a); *Weber v. Battista*, 494 F.3d 179, 184 (D.C. Cir. 2007) (citing *Ethnic Emps. of the*

---

[1] Earlier in her Park Service career, Panarello had filed two Title VII claims against the Interior Secretary. She settled one Title VII claim with the Secretary in 2000. Stipulation of Settlement, *Sabate v. Babbitt*, No. 1:98-cv-929 (D.D.C. Aug. 14, 2000), ECF No. 36. In 2012, Panarello filed another Title VII claim alleging the Park Police passed over her for promotions and command positions and disproportionately disciplined her compared to similarly situated male officers who had not previously participated in equal employment opportunity claims. *Panarello v. Zinke*, 254 F. Supp. 3d 85, 90–91 (D.D.C. 2017). This suit was ongoing at the time of her 2016 removal; in 2017 the district court granted summary judgment to the Interior Secretary in that suit, *id.* at 109, and we affirmed the district court in 2019, *Panarello v. Bernhardt*, 788 F. App'x 18, 18 (D.C. Cir. 2019).

[2] A last chance agreement holds an employee's removal decision in abeyance so long as the employee complies with the conditions specified in the agreement and is designed to provide an employee one "last chance" to demonstrate her value to the Park Police.

*Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1415 n.13 (D.C. Cir. 1985)). When a plaintiff presents circumstantial evidence of discrimination or retaliation in a Title VII action, we apply a burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). If the employer establishes a legitimate, nondiscriminatory and nonretaliatory justification for its employment action at the summary judgment stage, the "district court need not—*and should not*—decide whether the plaintiff actually made out a prima facie case." *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Instead, the plaintiff has the burden to produce "sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin." *Id.*; *see also Solomon v. Vilsack*, 763 F.3d 1, 14 (D.C. Cir. 2014) (applying framework to retaliation claim).

We affirm the district court's grant of summary judgment to the Secretary on Panarello's discrimination and retaliation claims for the reasons it provided.[3] *Panarello*, 2021 WL 86766, at *5–14. We add only that Panarello's evidence regarding the alleged last chance agreement does not undermine the legitimate, nondiscriminatory and nonretaliatory justifications Deputy Chief Fear provided for removing Panarello because Panarello produced no evidence demonstrating Deputy Chief Fear considered the alleged last chance agreement in making the removal decision.[4]

We agree with the district court that the Park Police gave legitimate, nondiscriminatory and nonretaliatory justifications for removing Panarello. In his decision letter, Deputy Chief Fear cited the seriousness of Panarello's DWI conviction, the notoriety associated with her conviction in a neighboring jurisdiction, her role as a supervisor within the Park Police and her two earlier disciplinary infractions. *Panarello*, 2021 WL 86766, at *5–6; *see Figueroa v. Pompeo*, 923 F.3d 1078, 1092 (D.C. Cir. 2019) (employer must show "a legitimate, nondiscriminatory, clear, and reasonably specific explanation for its actions"). As a result, the burden shifts to Panarello to produce evidence that a reasonable factfinder could rely on to conclude the Park Police's justifications for her removal were pretextual. *Brady*, 520 F.3d at 494. Panarello contends that an alleged last chance agreement is evidence that the Park Police's decision to remove her was motivated by a desire to end her ongoing Title VII litigation and not by her DWI conviction.

The only evidence Panarello pointed to regarding the alleged last chance agreement, however, is the deposition testimony of Payton-Williams, the human resources specialist who handles administrative functions for the Park Police. Payton-Williams's testimony recalled the telephone conversation with Panarello shortly *after* Panarello was handed the removal decision, during which conversation Payton-Williams mentioned she had "talk[ed] with Deputy Chief Fear for him to consider a Last Chance Agreement" if Panarello was willing to drop her ongoing litigation. But Panarello provided *no* evidence that Deputy Chief Fear's September 8th termination decision was

---

[3] Unlike the district court, we need not decide whether a last chance agreement is *per se* evidence of retaliation.

[4] Panarello also argues a spoliation inference sufficient to deny summary judgment should apply because the Park Police failed to retain a recording of the oral presentation Panarello made in response to her proposed removal. We review the district court's denial of a spoliation sanction for abuse of discretion and find no such abuse. *Panarello*, 2021 WL 86766, at *12–13; *see Gerlich v. U.S. Dep't of Just.*, 711 F.3d 161, 167 (D.C. Cir. 2013) (citing *Shepherd v. Am. Broad. Co.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995)).

motivated, even in part, by her ongoing lawsuit or that he ever considered Payton-Williams's proposal before making his decision.[5] As a result, Panarello failed to meet her burden. *Brady*, 520 F.3d at 494.

This disposition is unpublished. *See* D.C. CIR. R. 36(d). The Clerk will withhold the mandate until seven days after any timely petition for rehearing or rehearing en banc is resolved. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk

---

[5] Months before, Payton-Williams had asked him "to give consideration to a Last Chance Agreement."