# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-5006**

**September Term, 2024**

FILED ON: APRIL 8, 2025

SYLVIA E. FARRINGTON,

APPELLANT

v.

KRISTI NOEM, IN HER OFFICIAL CAPACITY AS THE SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY AND UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-03240)

---

Before: PILLARD, WILKINS, and GARCIA, *Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* FED R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

\* \* \*

Plaintiff–Appellant Sylvia Farrington began working for the Federal Emergency Management Agency ("FEMA") nearly thirty years ago. She had a contentious relationship with the agency for much of her tenure—including two terminations. This appeal stems from the latter.

## I.

After her first termination in 2005, Farrington complained to the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race, sex, and retaliation. In 2008, the EEOC found in her favor and ordered FEMA to reinstate her and provide her with back pay, compensatory damages, and other remedies. After losing on appeal, FEMA reinstated her and paid her more than $400,000 in back pay. In 2012, Farrington accepted a request for deployment from the agency. Before she could be deployed with a FEMA credit card in hand, though, she had to undergo a background and credit check. The credit check revealed that she owed $65,000 in debt to Chase Bank, which violated FEMA's debt threshold for employees.[1] Farrington represented to FEMA in 2012 that the debt "was caused by the financial hardships directly attributable to Defendant's discriminatory actions, Defendant's ongoing failure since 2008 to comply with the [2008 EEOC order], as well as the unfair and unlawful predatory lending practices of Chase [B]ank." J.A. 10.[2] The next year, FEMA issued a "Final Fitness Determination," finding Farrington unfit for federal service. In May 2015, Farrington was terminated again.

After unsuccessfully appealing the second termination to the EEOC, Farrington timely sued in the United States District Court for the District of Columbia, alleging retaliation-based discrimination in violation of Title VII. Upon FEMA's opposed motion, the District Court dismissed Farrington's complaint for failure to plausibly plead causation.

We affirm the District Court's holding that Farrington failed to plausibly plead that her termination was in retaliation for protected activity.

## II.

This Court reviews the District Court's dismissal *de novo*, "accept[ing] the operative complaint's well-pleaded factual allegations as true and draw[ing] all reasonable inferences" in Farrington's favor. *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation omitted). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Title VII forbids an employer from retaliating against an employee because she is engaged in protected activity, such as opposing "unlawful employment

---

[1] It is undisputed that Farrington was subject to a "fitness determination" for employment, which involved FEMA assessing whether her "character or conduct may have an adverse impact on the integrity or efficiency of the service." 5 C.F.R. § 731.101(a) (2024). FEMA specifically considered whether she had engaged in "[d]ishonest conduct," which can include not paying outstanding debts. *Id.* § 731.202(b)(4); Memorandum from Linda M. Springer, Dir. of the U.S. Off. of Pers. Mgmt., on Credentialing, Suitability, and Sec. Clearance Decision-Making 21 (Jan. 14, 2008), https://www.opm.gov/suitability/suitability-executive-agent/policy/decision-making-guide.pdf [https://perma.cc/46CY-K2E6]. Farrington does not dispute that the Department of Homeland Security—of which FEMA is a part—has a "bad debt threshold" of $7,500 "for all employees." *In re Ellis*, 493 B.R. 818, 824 (Bankr. D. Colo. 2013) (quotation omitted).

[2] The debt was ultimately resolved in Farrington's favor, though when is not clear from the complaint. Farrington does not plead that she notified FEMA of the resolution.

2

practice[s]" or suing to enforce her rights under Title VII. 42 U.S.C. § 2000e-3(a); *see also Jeffries v. Barr*, 965 F.3d 843, 860 (D.C. Cir. 2020). Retaliation plaintiffs who lack direct or other circumstantial evidence of causation can sometimes cross the pleading threshold solely by relying on circumstantial inferences from "temporal proximity"—that the adverse action came "closely on the heels of protected activity." *Allen v. Johnson*, 795 F.3d 34, 40, 46 (D.C. Cir. 2015).

Plausibly pleading retaliation requires that Farrington allege facts showing "(1) [s]he engaged in statutorily protected activity; (2) [FEMA] took a materially adverse action against [her]; and (3) [her] protected activity was a but-for cause of that adverse action." *Ho*, 106 F.4th at 51 (cleaned up).

## III.

Farrington argues that, when FEMA fired her in 2015 based on an adverse fitness determination, the agency's true reason for the termination was retaliation against her for engaging in protected activity. She principally relies on two arguments, neither of which succeeds.

First, Farrington asks us to infer causation from temporal proximity. In her view, FEMA fired her in retaliation for her lawsuit seeking to enforce the 2008 EEOC order against the agency. But Farrington was fired in 2015, and her complaint does not allege the prior litigation continued beyond September 2012. In other words, Farrington asks us to deem plausible that adverse action occurring several years after her earlier EEO dispute was taken in retaliation for that protected activity. There is no bright-line rule, but this Court "has often analyzed temporal proximity in terms of months—not years." *Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020) (citations omitted); *see also Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) ("We need not . . . accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." (cleaned up)); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (noting that temporal proximity "must be very close" (cleaned up)). The two-and-a-half-year stretch between the end of the prior EEO litigation and Farrington's termination does not create a plausible inference of causation based on temporal proximity. And none of Farrington's other attempts to bridge the proximity gap are within the realm of plausibility because they rely on allegedly protected conduct that occurred either years before her termination or immediately after she received her notice of termination. *See Pueschel*, 955 F.3d at 167; *Clark Cnty.*, 532 U.S. at 272 ("Employers need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality.").

Second, Farrington argues that the delay between the adverse fitness determination in 2013 and her firing in 2015 raises a plausible inference that FEMA's stated reliance on the fitness determination was pretextual. FEMA's delay might weaken the inference that the adverse fitness determination necessitated Farrington's immediate termination. But it does not, on its own, suggest that the real reason for her termination was retaliation for activity protected under Title VII. Farrington must allege that the "employer's asserted non-[retaliatory] reason was not the actual reason *and* that the employer intentionally [retaliated] against the employee." *See Brady*

*v. Off. of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008) (emphasis added). Without allegations raising an inference of retaliation, Farrington's pretext argument also fails.

\* \* \*

For the foregoing reasons, we affirm the District Court. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk